# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KIRIL GANTCHEV AND MARGARET RYAN, individually and on behalf of a class of similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> PREDICTO MOBILE, LLC, a Delaware limited liability company, NEXTWEB MEDIA, LLC, a Nevada limited liability company, EMAIL DISCOUNTS, LLC, a Nevada limited liability company, OPENMARKET, INC., a Michigan corporation, ENHANCED SERVICES BILLING, INC., a Delaware Corporation, <br><br> Defendants. | Case No. _____ <br> `FILED: APRIL 16, 2009` <br> `09CV2312` <br> `JUDGE GUZMAN` <br> `MAGISTRATE JUDGE COX` <br> `AO` <br><br> Jury Trial Demanded |

## DEFENDANT ENHANCED SERVICES BILLING, INC.'S
## NOTICE OF REMOVAL TO FEDERAL COURT

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, as amended by the Class Action Fairness Act of 2005, defendant Enhanced Services Billing, Inc. ("ESBI")[1] hereby removes the above-captioned action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. As grounds for removal to this Court, ESBI states as follows:

### FACTUAL BACKGROUND

1. Plaintiffs commenced this action in the Circuit Court of Cook County, Illinois, County Department, Chancery Division. Plaintiffs' original complaint was directed against only one defendant, Predicto Mobile, LLC ("Predicto").

---

[1] Plaintiffs incorrectly refer to defendant Enhanced Services Billing, Inc. as Enhanced Billing Services, Inc.

2. On March 6, 2009, Plaintiffs filed an Amended Class Action Complaint ("Compl."), naming for the first time four additional defendants, NextWeb Media, LLC ("NextWeb"), Email Discounts, LLC ("Email Discounts"), OpenMarket, Inc. ("OpenMarket"), and Enhanced Services Billing, Inc. ("ESBI").

3. Plaintiffs served ESBI with a copy of the Summons and Amended Class Action Complaint on March 17, 2009. True and correct copies of the Summons, Amended Class Action Complaint, and all other process, pleadings, and orders served on ESBI in this action are attached as Exhibit A. *See* 28 U.S.C. § 1446(a).

4. Upon information and belief, Plaintiff Kiril Gantchev is a citizen of Illinois. (*See* Ex. A, Compl. ¶ 1).

5. Upon information and belief, Plaintiff Margaret Ryan is a citizen of Illinois. (*See* Ex. A, Compl. ¶ 2).

6. ESBI is a corporation organized and existing under the laws of the State of Delaware with its headquarters in Texas. (*See* Ex. A, Compl. ¶ 7). Accordingly, ESBI is a citizen of both Delaware and Texas for purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1441. *See* 28 U.S.C. § 1332(c)(1).

7. Defendant Predicto is a limited liability company organized and existing under the laws of the State of Delaware with its headquarters in New Jersey. (*See* Ex. A, Compl. ¶ 4). Accordingly, Predicto is a citizen of Delaware and New Jersey for purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1453. *See* 28 U.S.C. § 1332(d)(10).

8. Defendant Email Discounts is a limited liability company organized and existing under the laws of the State of Nevada with its headquarters in New York. (*See* Ex. A, Compl. ¶ 5). Accordingly, Email Discounts is a citizen of both Nevada and New York for purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1453. *See* 28 U.S.C. § 1332(d)(10).

9. Defendant OpenMarket is a corporation organized and existing under the laws of the State of Michigan with its headquarters in the State of Washington. (*See* Ex. A, Compl. ¶ 6).

Accordingly, OpenMarket is a citizen of both Michigan and Washington for purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1441. *See* 28 U.S.C. § 1332(c)(1).

## PLAINTIFFS' CLASS ALLEGATIONS

10. Plaintiffs claim that all five of the defendants participated in the "unlawful practice of charging telephone consumers for products and services the consumers have not authorized." (Ex. A, Compl. p. 1).

11. There are two categories of defendants. NextWeb, Predicto, and Email Discounts allegedly provide "premium-content" products and services. (*See* Ex. A, Compl. ¶¶ 3-5). Those three service providers allegedly use two clearinghouse companies, OpenMarket and ESBI, to forward charges to cellular and landline telephone carriers "to be included by the carriers on consumers' telephone bills." (Ex. A, Compl. ¶¶ 6-7).

12. Plaintiffs seek to pursue this action on behalf of one class and two subclasses, as follows:

> a. "A class…consisting of all telephone subscribers in Illinois who suffered losses or damages as a result of billing for services associated with Defendant NextWeb or its affiliates, including without limitation Defendants Predicto and Email Discounts, not authorized by the subscriber..." (Ex. A, Compl. ¶ 41).
>
> b. "A subclass…of all members of the Class who suffered losses or damages as a result of billing by Defendant OpenMarket for services associated with Defendant NextWeb or of its affiliates, including Defendant Predicto, not authorized by the subscriber..." (*Id.*)
>
> c. "A subclass…of all members of the Class who suffered losses or damages as a result of billing by Defendant ESBI for services associated with Defendant NextWeb or of its affiliates, including Defendant Email Discounts, not authorized by the subscriber..." (*Id.*)

## FEDERAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

13. **Application of CAFA.** This Court has jurisdiction of this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Public Law 109-2, codified at 28 U.S.C. § 1332(d).

14. CAFA creates federal jurisdiction over lawsuits in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, … is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant" and involves a putative class that consists of more than 100 members. 28 U.S.C. §§ 1332(d)(2)(A) and (d)(5).

15. Each of these three requirements is met.

16. **Requirement No. 1: Plaintiffs Are Citizens of a State Different From Defendants.** Plaintiffs are apparently citizens of Illinois. (Ex. A, Compl. ¶¶ 1-2).

17. Defendant ESBI is a citizen of Delaware and Texas for purposes of CAFA. (*See* Ex. A, Compl. ¶ 7); *see* 28 U.S.C. § 1332(c)(1).

18. Defendant NextWeb is a citizen of Nevada and New York for purposes of CAFA. (*See* Ex. A, Compl. ¶ 3); *see* 28 U.S.C. § 1332(d)(10).

19. Defendant Predicto is a citizen of Delaware and New Jersey for purposes of CAFA. (*See* Ex. A, Compl. ¶ 4); *see* 28 U.S.C. § 1332(d)(10).

20. Defendant Email Discounts is a citizen of Nevada and New York for purposes of CAFA. (*See* Ex. A, Compl. ¶ 5); *see* 28 U.S.C. § 1332(d)(10).

21. Defendant OpenMarket is a citizen of Michigan and Washington for purposes of CAFA. (*See* Ex. A, Compl. ¶ 6); *see* 28 U.S.C. § 1332(c)(1).

22. Thus, all five defendants are citizens of a state different from the State of which Plaintiffs are a citizen, Illinois.

23. Accordingly, this action is a class action where "any member of a class of plaintiffs is a citizen of a State different from <u>any</u> defendant." 28 U.S.C. § 1332(d)(2)(A) (emphasis added).

24. Minimum diversity, therefore, is satisfied.

25. **Requirement No. 2: The Class Consists of Well Over 100 Class Members.** Although ESBI disputes that it ever acted in a way that caused consumers to be charged for unauthorized products and services, as Plaintiffs inaccurately allege, ESBI forwarded telephone charges for services provided by NextWeb affiliates, including Email Discounts, to local exchange carriers to be included on the local telephone bills associated with 104,965 unique Illinois telephone numbers during the potential five-year (and growing) class period.[2] (*See* Declaration of Andrea Kruchinski, attached as Exhibit B, ¶ 3).

26. Plaintiffs suggest that less than five percent of the consumers charged by NextWeb and its Email Discounts subsidiary had authorized those charges. (*See* Ex. A, Compl. ¶ 16).

27. By extension, Plaintiffs suggest that 95% of the Illinois consumers charged by NextWeb and its Email Discounts subsidiary with ESBI's involvement (99,716 consumers) did not authorize the charges that were placed on their telephone bills.

28. Consequently, the requirement that the putative class defined by Plaintiffs consists of more than 100 members is easily satisfied.

29. **Requirement No. 3: The Amount in Controversy Exceeds $5,000,000.** ESBI disputes Plaintiffs' claims and will likely object to any motion seeking class certification. However, Plaintiffs' allegations demonstrate that they are seeking well in excess of $5,000,000, exclusive of interest and costs, which means that this action satisfies CAFA's amount in controversy requirement.

---

[2] Although Plaintiffs have not defined a class period in their Amended Complaint, the maximum period, given the statutes of limitations for their alleged causes of action, is five years. *See Rahim v. Sheahan*, 2001 U.S. Dist. LEXIS 17214, *35-36 (N.D. Ill. 2001) (imposing a two-year class period for a section 1983 action, where the plaintiff had failed to define the relevant class period, because section 1983 actions are governed by a two-year statute of limitations). ESBI does not represent here that a five-year class period is appropriate, but only that a five-year class period is the maxiumum available given the statutes of limitations. All unpublished cases are attached hereto as Group Exhibit C.

30. As set forth above, Plaintiffs seek to pursue this action on behalf of all telephone subscribers in Illinois who suffered losses or damages as a result of billing for products or services of Defendant NextWeb and its affiliates that were not authorized by the subscriber. (*See* Ex. A, Compl. ¶ 41).

31. The charges ESBI forwarded to the Illinois LECs to be included in the LECs' local telephone bills associated with unique Illinois telephone numbers for charges from NextWeb affiliates, including Email Discounts, during the previous five years totaled $6,735,432.60. (*See* Ex. B, ¶ 5).

32. That means, according to the Plaintiffs' 95% figure discussed above (which ESBI will later prove false but merely accepts for purposes of removal), approximately $6,398,660.97 of the NextWeb affiliate charges forwarded by ESBI were not authorized. (*See* Ex. A, Compl. ¶ 16).

33. This number alone satisfies the CAFA amount in controversy requirement, without taking into consideration charges forwarded by the other clearinghouse defendant, OpenMarket, or any of the charges that the three service provider defendants charged without any involvement by ESBI or OpenMarket. Indeed, ESBI only forwards charges to be included on bills of landline telephone consumers, whereas Plaintiffs' Complaint includes allegations regarding charges placed on bills of cellular telephone customers as well as landline telephone customers.

34. In addition, Plaintiffs have alleged claims under the Illinois Consumer Fraud and Deceptive Business Practices Act for unfair competition and deceptive practices, and under Illinois common law for unjust enrichment, restitution and tortious interference with contract. (*See* Ex. A, Compl., *passim*).

35. On these claims, Plaintiffs seek a variety of forms of relief for themselves and the putative class, including economic, monetary, actual, consequential, and compensatory damages; costs, attorneys' fees, and pre- and post-judgment interest; and injunctive, statutory, and declaratory relief. (*See* Ex. A, Compl., Prayer for Relief).

36. When determining whether CAFA's $5,000,000 amount in controversy threshold is met, "monetary damages, attorney's fees and 'the cost a defendant incurs in complying with injunctive relief'" are included in the computation. *Home Depot, Inc. v. Rickher*, 2006 U.S. App. LEXIS 32391, *3 (7th Cir. 2006) (quoting *Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004)).

37. All of the foregoing information, taken together, clearly demonstrates that the amount in controversy exceeds $5,000,000.

38. The amount in controversy requirement is, therefore, satisfied.

## PROCEDURAL MATTERS

39. **Removal is Timely.** This Notice of Removal is timely because it is being filed within 30 days after ESBI was served with the Summons and Amended Complaint. 28 U.S.C. § 1446(b). *Springman et al. v. AIG Marketing, Inc. et al.*, 2007 U.S. Dist. LEXIS 84125, *10-13 (S.D.Ill. Nov. 15, 2007) (holding that a defendant is entitled to remove a case under CAFA within thirty days from the date that defendant is served with a complaint in which it previously was not named); *Schillinger et al. v. 360Networks USA, Inc. et al.*, 2006 U.S. Dist. LEXIS 31108, *24 (S.D. Ill. May 18, 2006) (same).

40. **Consent to Removal.** CAFA does not require all defendants to consent to removal. *See* 28 U.S.C. § 1453(b); *Springman*, 2007 U.S. Dist. LEXIS 84125 at *9; *Schillinger*, 2006 U.S. Dist. LEXIS 31108 at *22.

41. **Removal to Proper Court.** This Court is the appropriate court to which the action must be removed because it is part of the "district and division embracing the place where" Plaintiff filed this action in Cook County, Illinois. *See* 28 U.S.C. § 1446(a).

42. **Filing and Service.** Written notice of the filing of this Notice of Removal will be given to Plaintiffs promptly after the filing of the Notice of Removal as required by 28 U.S.C. § 1446(d). In addition, as required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed promptly in the State Court Action with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division after the filing of the Notice of Removal.

**WHEREFORE**, Defendant Enhanced Services Billing, Inc. hereby respectfully removes this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

DATED: April 16, 2009

Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

By: ___/s/ Geoffrey A. Vance_____
   Wilber H. Boies, P.C. (IL #0246085)
    bboies@mwe.com
   Geoffrey A. Vance (IL #6231366)
    gvance@mwe.com
   Monica M. Quinn (IL #6287146)
    mquinn@mwe.com
   227 West Monroe Street
   Chicago, IL  60606
   Telephone: (312) 372-2000
   Facsimile:  (312) 984-7700

*Attorneys for Enhanced Services Billing, Inc.*

## CERTIFICATE OF SERVICE

I, Geoffrey A. Vance, an attorney, hereby certify that on April 16, 2009 I caused to be served a copy of the foregoing **Defendant Enhanced Services Billing, Inc.'s Notice of Removal to Federal Court** in the above entitled action to counsel at the addresses below via United States mail, proper postage pre-paid.

> Jay Edelson
> Myles McGuire
> Rafey S. Balabanian
> Michael J. Aschenbrenner
> KamberEdelson, LLC
> 350 North LaSalle Street
> Suite 1300
> Chicago, IL  60654
>
> Sean A. Moynihan, Esq.
> Klein Zelman Rothermel LLP
> 485 Madison Avenue
> New York, New York 10022

                                                                 ___/s/ Geoffrey A. Vance_____
                                                                  Geoffrey A. Vance

CHI99 5105620-2.072972.0023