**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KIRIL GANTCHEV and MARGARET RYAN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>PREDICTOMOBILE, LLC, a Delaware limited liability company, NEXTWEB MEDIA, LLC, a Nevada limited liability company, EMAIL DISCOUNTS, LLC, a Nevada limited liability company, OPENMARKET, INC., a Michigan corporation, ENHANCED BILLING SERVICES, INC., a Delaware corporation,<br><br>Defendants. | : | No. 09-CV-2312<br><br>Hon. Ronald A. Guzman |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**

Defendants PredictoMobile, LLC ("Predicto"), Email Discounts, LLC ("EDS") and NextWeb Media, LLC ("NextWeb") (collectively, the "Moving Defendants") respectfully submit this Memorandum of Law in Support of their Motion to Dismiss the Amended Class Action Complaint ("Amended Complaint") filed by plaintiffs Kiril Gantchev ("Gantchev") and Margaret Ryan ("Ryan") (collectively, the "Plaintiffs") pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the counts asserted fail to state a cause of action. In the alternative, pursuant to Fed. R. Civ. P. 12(e), the Moving Defendants move for a more definite statement on the grounds that Plaintiffs' allegations are too vague and ambiguous to permit any of the Moving Defendants to respond.

## I. INTRODUCTION

In an attempt to drag multiple defendants into their purported class action, the Plaintiffs - an Illinois cell phone subscriber (Gantchev) and an Illinois landline phone subscriber (Ryan) - broadly allege that all of the named Defendants participated in the "practice of charging telephone subscribers for products and services the consumers have not authorized." Am. Compl. at p. 1. Relying on this general allegation, Plaintiffs assert claims against the Moving Defendants – a parent company (NextWeb) and two of its subsidiaries (EDS and Predicto) - on behalf of themselves and "a Class" consisting of other Illinois telephone subscribers. Id. at ¶ 41. Plaintiffs' causes of action are brought under: (1) a restitution/unjust enrichment theory in Count I; (2) a tortious interference with contract theory in Count II; and (3) the Illinois Consumer Fraud and Deceptive Business Practices Act ("CFA"), 815 ILCS 505/1 *et. seq* in Count III.[1]

The Amended Complaint should be dismissed. In the alternative, since the claims against the Moving Defendants rely upon vague and cumulative allegations, if leave to amend is granted on any claim, the Moving Defendants are entitled to a more definite statement so that each can prepare appropriate responses to the Plaintiffs' claims.

### A. The Defendants

As alleged in the Amended Complaint, NextWeb is a Nevada limited liability company headquartered in New York. Am. Compl. at ¶ 3. Predicto is a Delaware limited liability company headquartered in New Jersey. Id. at ¶ 4. EDS is a Nevada limited liability company headquartered in New York. Id. at ¶ 5. The Moving Defendants are each broadly described in the Amended Complaint as providers of "telephonic services known as 'premium content'" to consumers in the United States. Id. at ¶¶ 3-5. NextWeb is described, among other things, as a

[1] The Complaint also contains separate counts, brought under identical legal theories, against codefendants OpenMarket, Inc. and Enhanced Billing Services, Inc.

provider of "premium content" that it "markets to both cellular and landline telephone consumers," allegedly through "numerous subsidiaries and/or affiliates" such as Predicto and EDS. Id. at ¶ 3. Predicto is specifically described as providing "premium content" to cellular telephones. Id. at ¶ 4. EDS is specifically described as providing "premium content" to landline telephones. Id. at ¶ 5. Codefendant OpenMarket, Inc. ("OpenMarket") is described as a billing processor, or "aggregator," that "bills cellular telephone consumers for premium-content services provided by third-parties such as Defendants NextWeb and Predicto." Id. at ¶ 6. Codefendant Enhanced Billing Services, Inc. ("ESBI") is described as a billing processor, or "aggregator," that "bills landline telephone consumers for premium-content services provided by third-parties such as Defendants NextWeb and Email Discounts." Id. at ¶ 7.

**B. Procedural History**

This action was commenced by Gantchev on or about August 28, 2008 by the filing of a summons and class action complaint against Predicto.[2] Defendant Predicto's Answer and Defenses to Gantchev's pleading was filed on or about November 17, 2008. On or about March 12, 2009, Gantchev filed an Amended Complaint that added an additional plaintiff, Ryan, as well as four additional defendants, NextWeb, EDS, OpenMarket and ESBI.

On or about April 16, 2009, ESBI filed a Notice of Removal to remove this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division (Case No. 09CV2312, Judge Guzman). Subsequently, on or about April 17, 2009, OpenMarket filed a Notice of Removal to remove this action from the Circuit Court of Cook County, Illinois, County

---

[2] The original pleading erroneously depicted Predicto as a ringtone provider. Only after extensive discovery was propounded did Plaintiffs further amend the Complaint to remove allegations depicting Predicto as a ringtone provider.

Department, Chancery Division to the United States District Court for the Northern District of Illinois, Eastern Division (Case No. 09CV2349, Judge Gottschall).

## II. ARGUMENT

Ignoring the multitude of false, irrelevant and ambiguous allegations contained in the Amended Complaint, the Amended Complaint is based entirely upon: (1) Gantchev's individual claim that he was charged -- through charges allegedly reflected on his cellular phone bill -- for "premium content services" purportedly "associated" with Predicto; and (2) Ryan's individual claim that that she was charged -- through charges allegedly reflected on her landline phone bill -- for "premium content services" purportedly "associated" with EDS. Am. Compl. at ¶¶ 31-40.

In an obvious attempt to pull NextWeb, the parent company, into an action that is clearly directed at the alleged conduct (i.e., providing of, and billing for, products and services) of its subsidiaries - Predicto (in the case of Gantchev) and EDS (in the case of Ryan) - Plaintiffs have deliberately and improperly utilized vague and cumulative pleading techniques directed at "Defendants" collectively that are designed to distract from the fact that Plaintiffs have not, and cannot, plead any facts sufficient to justify keeping NextWeb in this action.[3]

In addition, Plaintiffs have omitted basic information from the Amended Complaint that is essential to providing fair notice of their claims against each of the Moving Defendants. As a result, dismissal is proper because the Plaintiffs have failed to "direct" any of the Moving Defendants to the "factual cause of…the alleged injury." McTigue v. City of Chicago, 60 F.3d

[3] Based upon Plaintiffs' broad definition of the "NextWeb Class" to include "NextWeb or its affiliates, including without limitation Defendants Predicto and Email Discounts" (Am. Compl. at ¶ 41), Plaintiffs' pleading appears designed, *inter alia*, as an improper backdoor way of pulling all of NextWeb's subsidiaries/affiliates into the class action without actually naming any of the subsidiaries, other than EDS and Predicto, as defendants. While the Plaintiffs make a passing reference in Paragraph 13 of the Amended Complaint to NextWeb subsidiaries "Residential Email, LLC, VoiceMail Direct USA, LLC, and Email Discount LLC," there is nothing in the Amended Complaint to indicate that either of the Plaintiffs have standing to bring a claim against any of these subsidiaries or that any of these subsidiaries were in any way involved in any conduct alleged. Am. Compl. at ¶ 13. Therefore, in addition to the unfairness that would result from keeping NextWeb in the action, NextWeb's presence would unduly burden the Moving Defendants, the Court, and the third-party entities wholly unrelated to the allegations herein.

381, 382 (7th Cir. 1995). Under Rule 12(b)(6), Plaintiffs' "kitchen sink" approach to pleading warrants dismissal of the claims against the Moving Defendants for failure to allege facts sufficient to provide notice for the legal requirements of the claims asserted.

In addition to the above, Counts I, II and III each fail to state a claim and should be dismissed for the specific reasons set forth in detail below. For the sake of clarity, Moving Defendants will address the deficiencies of each count, and the reasons for dismissal, in the following order: (1) Count II (tortious interference with contract) should be dismissed for failure to sufficiently allege any of the elements required to sustain a tortious interference with contract claim, including, but not limited to, the parties to the contract, the "breach," and the "resultant damages" stemming from any such breach; (2) Count III (alleged violations of the CFA) should be dismissed due to Plaintiffs' failure to allege with sufficient particularity and specificity any of Defendants' alleged deceptive acts or practices; and (3) Count I (unjust enrichment) should be dismissed because: (a) dismissal of the Plaintiffs' CFA claim automatically renders the Plaintiffs' unjust enrichment cause of action unsustainable; and (b) Plaintiffs have failed to sufficiently allege the elements required to sustain an unjust enrichment claim.

Even if the Court were to grant Plaintiffs leave to amend any of its defectively plead causes of action, the Moving Defendants ask the Court to order Plaintiffs to provide a more definite statement of their claims, so that each of the Moving Defendants may fairly and properly prepare a response to any amended pleading.

**A. Plaintiffs Fail to Plead Any Actionable Conduct By NextWeb**

In their Amended Complaint, Plaintiffs fail to allege any actionable conduct by NextWeb, and for this reason, all claims against NextWeb should be dismissed. After weeding through the multitude of broad and vague allegations against the Moving Defendants collectively, or at times

against all five "Defendants" collectively, the Amended Complaint appears to be based upon allegations involving two separate incidents: (1) a charge, or charges, allegedly appearing on Gantchev's cellular phone bill for services provided by Predicto; and (2) a charge, or charges, appearing on Ryan's landline phone bill for services provided by EDS. Am. Compl. at ¶¶ 31-40.

Plaintiffs' only allegations relating to NextWeb are confusing, conclusory and conflicting and do not sufficiently plead any claim against NextWeb for tortious interference, unjust enrichment or violation of the CFA. For example, in the "Facts Relating to the Named Plaintiff Gantchev" Section of the Amended Complaint, Gantchev alleges that he was charged by "Defendants OpenMarket and NextWeb" for unauthorized "premium content services *associated* with Defendant Predicto." Id. at ¶ 32 (emphasis added). Similarly, Ryan alleges that she was charged by "Defendants ESBI and NextWeb" for unauthorized "premium content services *associated* with Defendant EDS." Id. at ¶ 37 (emphasis added). Yet Plaintiffs' choice to describe the services as being merely "associated" with, rather than provided by, Predicto and EDS conflicts with Plaintiffs' numerous allegations that Predicto and EDS are actively engaged in providing "premium content" to cellular and landline telephones, respectively. Id. at ¶¶ 4-5. In fact, under "Conduct Complained Of," Plaintiffs allege that Predicto, as a "premium content" provider, provides "phone games" that, according to "*Predicto's* website, 'lets you vote on fun questions from your cell phone' for which '$9.99 will be charged monthly to your mobile phone bill." Id. at ¶ 10. (emphasis added). Further, in Paragraph 18 of the Amended Complaint, the Plaintiffs - erroneously referring to "EDS" as "Residential Email" - allege that "Residential Email" (i.e., "EDS") is directly responsible for "caus[ing]…consumer[s] to be billed for premium content services once it has the consumer's telephone number…" Id. at ¶ 18. These

are just a few examples of allegations charging Predicto and EDS, not NextWeb, with responsibility for the services and charges that allegedly appeared on Plaintiffs' phone bills.

Nonetheless, Plaintiffs attempt to pull NextWeb into the action by filing a deliberately ambiguous, contradictory and cumulative pleading that attempts to hold NextWeb responsible for the alleged conduct of its subsidiaries without alleging any of the factors required to "pierce the corporate veil." As Plaintiffs admit, the Moving Defendants are separately-organized limited liability companies. Id. at ¶¶ 3-5. NextWeb, a Nevada limited liability company, is described as the parent company of Predicto, a Delaware limited liability company, and EDS, a Nevada limited liability company. Id. The Amended Complaint further states that Predicto is headquartered in a different state than codefendants NextWeb and EDS. Id.

Under Illinois law, the corporate form is not to be disregarded lightly and courts are "reluctant" to pierce the corporate veil in order to hold one company liable for the acts of another. Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec, 529 F.3d 371, 379 (7th Cir. 1995). A party seeking to pierce the corporate veil carries the substantial burden of demonstrating that one corporation is actually a "dummy or sham" for another entity. Id. at 379. In order to "pierce the corporate veil," two requirements must be met: (1) there must be "such unity of interest and ownership that the separate personalities of the corporation and the individual [or other corporation] no longer exist[,]" and (2) the circumstances are such that "adherence to the fiction of separate corporate existence would sanction a fraud or promote promote injustice." Van Dorn Co. v. Future Chem. & Oil Corp., 753 F.2d 565, 569-70 (7th Cir. 1985) (quoting Macaluso v. Jenkins, 95 Ill. App. 3d 461 (1981)).

When attempting to hold a parent company liable for the obligations of its subsidiary, a plaintiff must show that the parent controls the subsidiary to such a degree that it has become a

"mere instrumentality" of the parent. CM Corporation v. Oberer Development Company, 631 F.2d 536, 538 (7th Cir. 1980). Factors considered when determining if the parent maintained the requisite control over the subsidiary at issue include: (a) whether the parent has ownership of most the capital stock of the subsidiary; (b) whether the subsidiary has "grossly inadequate capital;" (c) whether the parent uses the property of the subsidiary as its own; and (d) whether the formal legal requirements have been observed by the subsidiary. Id. at 538-539.

Ultimately, the Amended Complaint fails to allege anything more specific than the simple existence of a lawful parent-subsidiary relationship between the NextWeb and each of its lawful subsidiaries. Vague allegations of a "centralized operation" are legally insufficient to demonstrate a unity of interest such that the separate personalities of NextWeb and each of its subsidiaries have ceased to exist. Am. Compl. at ¶ 12. See, e.g., CM Corporation, 631 F.2d at 538-541. In addition, and just as fatal, the Amended Complaint contains no allegations to indicate that *not* piercing the corporate veil would sanction a fraud or result in injustice. Plaintiffs' claims against NextWeb therefore should be dismissed.

### B. Plaintiffs Fail to State a Claim For Tortious Interference With Contract

In Count II, the Plaintiffs seek to bring a claim for tortious interference on behalf of the NextWeb Class, apparently with respect to Plaintiffs' "relationships with their telephone carrier." See Am. Compl. at ¶ 53. To state a cause of action for tortious interference with a contract under Illinois law, a plaintiff must plead:

> "(1) a valid and enforceable contract; (2) defendants' awareness of the contractual obligation; (3) defendant's intentional and unjustified inducement of the breach; (4) subsequent breach caused by defendants' unlawful conduct; and (5) resultant damages."

Burrell v. City of Mattoon, 378 F.3d 642, 651-652 (7th Cir. 2004) (citing Clarage v. Kuzma, 342 Ill. App. 3d 573 (2003), appeal denied, 206 Ill.2d 619 (2003). Even granting a very charitable

reading of Count II and accepting, for argument's sake, that Plaintiffs have somehow pled the existence of "valid and enforceable contract[s]," Plaintiffs have failed to sufficiently plead any of the four remaining elements required to sustain a cause of action for tortious interference.

First and foremost, Plaintiffs fail to plead the required "breach" and "resultant damages" flowing from the breach. The alleged placement of "unauthorized premium content charges" on Plaintiffs' telephone bills does not constitute a "breach" of Plaintiffs' contractual relationship with their carrier(s). Am. Compl. at ¶ 55. The Illinois Supreme Court and the Illinois Appellate Court have both consistently required more than conduct "rendering performance of the contract more burdensome." George A. Fuller Co., v. Chicago College of Osteopathic Medicine, 719 F.2d 1326, 1331 (7th Cir. 1983). A plaintiff bringing a tortious interference claim is required to demonstrate "either a breach of contract, termination of the contractual relations, or rendering performance impossible." Id. Plaintiffs have glaringly omitted the nature of the alleged "breach" (e.g., if their telephone service was interrupted or cancelled). In the absence of a "breach," there can be no *resulting* "damages," thus Plaintiffs have not, and cannot, allege any. For these reasons alone, Plaintiffs' tortious interference with a contract cause of action fails.

In addition, Plaintiffs have failed to allege any knowledge by Defendants of Plaintiffs' relationship with the unidentified carrier(s) or any "intentional acts" to induce a breach that were committed by any of the Moving Defendants. In fact, Plaintiffs have failed to specifically identify which of the Moving Defendants even allegedly billed them. Plaintiffs therefore have failed to state a claim for tortious interference, and Count II should be dismissed.

### C. Plaintiffs Fail to State a Claim Under the Illinois Consumer Fraud and Deceptive Business Practices Act

Plaintiffs' Count III should be dismissed because it fails to state a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act (the "CFA"). To sustain a private cause of action under the CFA, a plaintiff must establish:

> (a) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to plaintiff (5) proximately caused by the deception.

Oshana v. Coca-Cola Company, 472 F.3d 506, 513 (7th Cir. 2006) (citing Avery v. State Farm Mutual Automobile Insurance Co., 216 Ill.2d 100, 180 (2005). A complaint alleging a violation of the CFA must be plead "with the same particularity and specificity as required under common law fraud." Prime Leasing Inc. v. Kending, 332 Ill.App.3d 300, 313 (1st Dist. 2002). See also Fed. R. Civ. P. 9(b) ("[i]n alleging fraud..., a party must state with particularity the circumstances constituting fraud"); Miner v. Fashion Enterprises, Inc., 342 Ill. App. 3d 405, 419 (2003) ("[a] high standard of specificity is imposed on pleadings asserting fraud").

The failure to allege with sufficient particularity and specificity a defendant's deceptive acts or practices requires the dismissal of a CFA cause of action. Sklodowski v. Countrywide Home Loans, Inc., 358 Ill. App. 3d 696, 703 (2005). Specifically, under Illinois law, a plaintiff must plead "specific allegations of facts," including "what misrepresentations were made, when they were made, who made the misrepresentations and to whom they were made." Prime Leasing, 332 Ill.App.3d at 309 (quoting Bd. of Educ. v. A, C & S, Inc., 131 Ill.2d 428, 457 (1989)). Moreover, in the case of multiple defendants, *a plaintiff must specify which specific defendant made the alleged misrepresentations.* See, e.g., Miner, 342 Ill. App. 3d at 420. Such pleading requirements "protect against baseless complaints" and ensure that a defendant is "apprise[d]...of what [it] is called upon to answer." Bd. of Educ., 131 Ill.2d at 457.

Plaintiffs wholly fail to meet this burden. The Amended Complaint does not allege with any specificity *what* misrepresentations were made, by *whom* they were made, *when* they were made, or to *whom* they were made. Instead, Plaintiffs offer the vague and conclusory allegation that "NextWeb, by and through its subsidiaries including Predicto and Email Discounts, violated, and continues to violate" the CFA, and "has obtained money from Plaintiffs," through "its conduct alleged above." Am. Compl. at ¶¶ 59-60.

The problem, of course, is that the general and conclusory statement "conduct alleged above" does not contain the "specific allegations of facts" required to sustain a claim under the CFA. Instead, Plaintiffs merely assert general allegations aimed at the alleged "practices and conduct" of both "the premium content industry" as a whole and the multiple "Defendants" in general, without differentiating among them. Am. Compl. at ¶¶ 16, 22, 33. Plaintiffs fail throughout the Complaint to plead with particularity which of the Defendants, if any, actually engaged in any of the "alleged conduct" upon which the CFA claim is based – and certainly fail to allege with any particularity how NextWeb, as the parent company and a separate legal entity, allegedly violated the CFA "by and through" either codefendant Predicto or EDS.

Instead, the extent of Plaintiffs' allegations could hardly be less specific: that "[unspecified] misleading marketing representations [are] made by unscrupulous premium content providers such as Defendant NextWeb and its agents," that "[unspecified] charges for premium content services are often not clearly identified on [unspecified] subscribers' bills," and that "[unspecified] Defendants… have redoubled their [unspecified] efforts to further deceive consumers into signing up for such 'premium' products and services." Am. Compl. At ¶¶ 16, 19, 20. Nowhere in the Complaint do Plaintiffs explain what, if any, specific misrepresentations

allegedly were made to either Gantchev or Ryan, which specific Defendant is alleged have made such misrepresentations, or when such misrepresentations might have been made.

Plaintiffs' vague and conclusory allegations are insufficient to state a claim with the particularity and specificity required to sustain a cause of action under the CFA. See, e.g., Sklodowski, 358 Ill. App. 3d at 704-05 (count under the CFA dismissed for failure to state a claim where plaintiff did not plead specific facts in support of conclusory allegations); Miner, 342 Ill. App. 3d at 419-420 (dismissing fraud count for failure to state a cause of action due to lack of requisite specificity where pleading did not specify, among other things, which defendant made allegedly fraudulent statements and what the statements were). Plaintiffs' CFA cause of action thus should be dismissed.

### D. Plaintiffs Fail to State a Claim For Unjust Enrichment

Count I is styled "Restitution/Unjust Enrichment on Behalf of the NextWeb Class," and asserts that "[u]nder principles of equity and good conscience, *Defendants* should not be permitted to retain the money belonging to Plaintiffs and other members of the class, which such *Defendants* have unjustly received as a result of *their* actions." Am. Compl. at ¶ 51 (emphasis added). To establish an unjust enrichment claim under Illinois law, a plaintiff "must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violated the fundamental principles of justice, equity and good conscience." HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc. 131 Ill.2d 145, 160 (1989).

Importantly, "[u]njust enrichment is not a separate cause of action that, standing alone, will justify an action for recovery," and therefore, "[w]hen an underlying claim of fraud…is deficient, a claim for unjust enrichment should also be dismissed." Martis v. Grinnell Mutual Reinsurance Company, No. 3-08-0004, 2009 WL 884803, at *6 (Ill. App. Ct. Mar. 27, 2009)

(citing Mulligan v. QVC, Inc., 382 Ill. App. 3d 620, 631 (2008)). For the reasons set forth in Section II.C., *supra*, Plaintiffs' cause of action for fraud based upon alleged violations of the CFA) is without merit and should be dismissed, and dismissal of the CFA claim renders the Plaintiffs' unjust enrichment cause of action unsustainable. See Mulligan, 382 Ill. App. 3d at 631 (dismissing plaintiff's unjust enrichment cause of action based solely upon dismissal of plaintiff's CFA cause of action).

Plaintiffs' unjust enrichment cause of action also fails because it is impossible to determine exactly which, if any, of the Defendants allegedly billed either of the Plaintiffs, and the amount, if any, that is being "retained." Am. Compl. at ¶¶ 34, 39. As a result, the Complaint fails to provide fair notice to *any* defendant that Plaintiff alleges a specific defendant has: (1) received a benefit to the Plaintiffs' detriment; and (2) unjustly retained said benefit. In short, nothing before the Court indicates that either of the Plaintiffs actually conferred any such benefit on any of the Moving Defendants. As a result, Count I fails to state a claim for unjust enrichment against the Moving Defendants and must be dismissed.

### E. In the Alternative, Moving Defendants Are Entitled to a More Definite Statement Because Plaintiffs' Allegations Are Too Vague and Ambiguous to Permit Moving Defendants to Respond

If Plaintiffs' claims are not dismissed and leave to amend is granted, Moving Defendants are entitled to a more definite statement under Rule 12(e) because the allegations set forth in the Amended Complaint are so vague and ambiguous that each of the Moving Defendants is unable to discern the issues that are to be litigated against it and properly frame its response. See, e.g., Swierkewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). Rule 8(a) of the Federal Rules of Civil Procedure requires that in order to state a claim upon which relief can be granted, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a). A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." Wade v. Hopper, 993 F.2d 1246, 1249 (7th Cir. 1993) (citing Jennings v. Emry, 910 F.2d 1434, 1435-36 (7th Cir. 1990) (a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of what it is the plaintiff asserts)).

Importantly, in the case of multiple defendants, a plaintiff must specify the claims that are alleged against each specific defendant, along with all supporting allegations therefor. See, e.g., Lyon v. Brown, 151 F.3d 1033 (7th Cir. 1998) (affirming dismissal of a claim where plaintiff failed to "specifically identify any allegedly unlawful acts taken by any of the named defendants" and failed to identify "which count is directed toward which defendant"); Smith v. The Chicago Archdiocese, No. 02 C 2261, 2002 WL 31049834, at *3-4 (N.D. Ill. Sept. 12, 2002) (granting defendant's motion for a more definite statement where complaint alleged claims against multiple defendants collectively, thereby depriving individual defendants of the ability to adequately respond because they could not properly determine which allegations were made against them); Miner, 342 Ill. App. 3d at 419 (dismissing a fraud claim for failure to state a cause of action due to lack of requisite specificity where pleading did not specify, among other things, which defendant made allegedly fraudulent statements and what the statements were).

At a minimum, each of the Moving Defendants is entitled to fair notice of exactly what it allegedly did wrong, rather than what a group of undifferentiated "Defendants" allegedly did collectively.[4] Plaintiffs, however, have failed to provide any of the Moving Defendants with such basic information in a manner that is either unambiguous or intelligible. The absence of

---

[4] The Amended Complaint contains at least thirty-two separate allegations aimed directly at "Defendants" collectively. See, e.g, Am. Compl. at 1, ¶¶ 15, 16, 18, 20, 21, 22, 26, 30, 33, 34, 38, 39, 40, 46, 50, 51, 55, 60 and 61.

this critical information makes it impossible for any of the Moving Defendants to prepare a response that allows it to appropriately address Plaintiffs' claims. In addition, for the reasons stated in Section II.C., *supra*, Plaintiffs' claims under the CFA must be plead with the specificity and particularity required under Illinois law. For that reason, if any of Plaintiffs' claims are not dismissed and the Court allows Plaintiffs leave to replead their claims, Plaintiffs should be ordered to provide a more definite statement so that each defendant can prepare appropriate responses to Plaintiffs' claims.

## III. CONCLUSION

WHEREFORE, defendants NextWeb Media, LLC, Email Discounts, LLC and Predicto Mobile, LLC, respectfully request that the Court dismiss the Amended Complaint and provide Moving Defendants with such other and further relief as the Court deems just and proper.

Dated: May 15, 2009

Respectfully submitted,

**GRIPPO & ELDEN LLC**

By: s/Elizabeth S. Elmore
Elizabeth S. Elmore

| *Lead Counsel:* | *Local Counsel:* |
|---|---|
| Sean A. Moynihan, Esq.<br>Richard B. Newman, Esq.<br>David C. Rimas, Esq.<br>**KLEIN ZELMAN ROTHERMEL LLP**<br>485 Madison Avenue<br>New York, New York 10022-5803<br>Telephone: (212) 935-6020<br>Facsimile (212) 753-8101<br><br>Attorneys for Defendants,<br>**PREDICTOMOBILE, LLC,**<br>**EMAIL DISCOUNTS, LLC** and<br>**NEXTWEB MEDIA, LLC** | Michael P. Conway, Esq.<br>Elizabeth S. Elmore, Esq.<br>**GRIPPO & ELDEN LLC**<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 704-7700<br>Facsimile: (312) 558-1195<br>Firm I.D. # 17044<br><br>Attorneys for Defendants,<br>**PREDICTOMOBILE, LLC,**<br>**EMAIL DISCOUNTS, LLC** and<br>**NEXTWEB MEDIA, LLC** |