Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2312 | **DATE** | 12/22/2009 |
| **CASE TITLE** | Kiril Gantchev vs. Predicto Mobile, LLC, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the parties' joint motion for entry of agreed protective order [doc. no. 55] is denied without prejudice.

Docketing to mail notices.

| | Courtroom Deputy Initials: | LC/LM |
|---|---|---|

Litigation, even of cases involving trade secrets and other confidential information, is generally open to the public.  *See Jessup v. Luther*, 277 F.3d 926, 927-28 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000).  Thus, courts should secrete generally public information only if "(1) the interest for which protection is sought is an actual trade secret or other confidential business information protected under [Federal Rule of Civil Procedure 26(c)(1)], and . . . (2) there is good cause for the protective order."  *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 340 (N.D. Ill. 1998).

Among other things, the parties seek to protect trade secrets and a variety of other business information including: (1) "financial data (including sales figures, financial statements, and expenditures)"; (2) "contracts"; (3) " non-public information"; (4) "commercial information (business prospectuses and third-party agreements)"; and (4) "personnel information"; and (5) "wage, salary [and] compensation" data.  They also seek to protect "non-public private information relating to individuals," including employee and customer names, email addresses, home addresses, social security numbers, Internet Protocol (IP) addresses and telephone numbers.

Bona fide trade secrets and social security numbers are clearly confidential.  But the parties have not identified the contracts, prospectuses and third-party agreements they seek to protect or explained why those documents or any person's name, contact, salary or wage information is confidential.  They have also not identified the materials described as "personnel information," "commercial information" and "non-public information" or explained why this information should be kept from disclosure.  In short, the parties have not demonstrated good cause for entry of the proposed protective order.   Thus, their motion is denied.