UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIRIL GANTCHEV and MARGARET RYAN, individually and on behalf of a class of similarly situated individuals, | No. 09-CV-2312 |
| | Hon. Ronald A. Guzman |
| Plaintiffs, | |
| vs. | |
| PREDICTOMOBILE, LLC, a Delaware limited liability company, NEXTWEB MEDIA, LLC, a Nevada limited liability company, EMAIL DISCOUNTS, LLC, a Nevada limited liability company, OPENMARKET, INC., a Michigan corporation, ENHANCED BILLING SERVICES, INC., a Delaware corporation, | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

Defendants PredictoMobile, LLC ("Predicto"), Email Discounts, LLC ("EDS") and NextWeb Media, LLC ("NextWeb") (collectively, the "Moving Defendants") respectfully submit this Memorandum of Law in Support of their Motion to Dismiss the Amended Class Action Complaint ("Amended Complaint") filed by plaintiffs Kiril Gantchev ("Gantchev") and Margaret Ryan ("Ryan") (collectively, the "Plaintiffs") for Lack of Subject Matter Jurisdiction, pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure.

### I. INTRODUCTION

Plaintiff's Amended Complaint should be dismissed for lack of subject matter jurisdiction pursuant to the mootness doctrine and Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure. Moving Defendants have made unconditional tenders to Plaintiffs, through Plaintiffs' counsel, for the full amount of Plaintiffs' alleged damages. No motion for class certification was

pending at the time the tender offers were made. As a result, no case or controversy exists between Plaintiffs and Moving Defendants, Plaintiffs' claims are moot, and Plaintiffs may not seek relief on behalf of themselves or any other members of a class. Plaintiffs' Amended Complaint thus should be dismissed with prejudice.

## II. BACKGROUND

This action was commenced by Gantchev on or about August 28, 2008 by the filing of a summons and class action complaint against Predicto. Defendant Predicto's Answer and Defenses to Gantchev's pleading was filed on or about November 17, 2008. On or about March 12, 2009, Gantchev filed an Amended Complaint that added an additional plaintiff, Ryan, as well as four additional defendants, NextWeb, EDS, OpenMarket, Inc. ("OpenMarket") and Enhanced Services Billing, Inc. ("ESBI")[1]

In an attempt to drag multiple defendants into their purported class action, the Plaintiffs - an Illinois cell phone subscriber (Gantchev) and an Illinois landline phone subscriber (Ryan) - broadly allege that all of the named Defendants participated in the "practice of charging telephone subscribers for products and services the consumers have not authorized."[2] Am. Compl. at p. 1. Relying on this general allegation, Plaintiffs assert claims against the Moving Defendants – a parent company (NextWeb) and two of its subsidiaries (EDS and Predicto) - on behalf of themselves and "a Class" consisting of other Illinois telephone subscribers. Id. at ¶ 41.

---

[1] OpenMarket and ESBI are both described as billing processors, or "aggregators," that bill cellular telephone consumers for premium-content services provided by third-parties. On or about April 16, 2009, ESBI filed a Notice of Removal to remove this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division (Case No. 09CV2312, Judge Guzman). Subsequently, on or about April 17, 2009, OpenMarket filed a Notice of Removal to remove this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division to the United States District Court for the Northern District of Illinois, Eastern Division (Case No. 09CV2349, Judge Gottschall).

[2] Moving Defendants vehemently dispute Plaintiffs' legal and factual allegations. In fact, Moving Defendants' records indicate that Plaintiffs expressly consented to receive and to be billed for the premium telephone content products and services.

Plaintiffs' causes of action are brought under: (1) a restitution/unjust enrichment theory in Count I; (2) a tortious interference with contract theory in Count II; and (3) the Illinois Consumer Fraud and Deceptive Business Practices Act ("CFA"), 815 ILCS 505/1 *et. seq* in Count III.[3]

On or about November 9, 2009, Moving Defendants made unconditional tenders to Plaintiffs, through Plaintiffs' counsel, for more than the full amount of Plaintiffs' alleged damages.[4] In doing so, Moving Defendants requested, in no uncertain terms, that Plaintiffs' counsel inform Moving Defendants if Plaintiffs believed that the tender offers did not represent the full relief to which they claim to be entitled. Plaintiffs' counsel has given no indication of any miscalculations with regard to the unconditional tender amounts. *See* Newman Decl. and Exs. "A" and "B" for true and correct copies of the correspondence offering unconditional tenders to Plaintiffs of the full amount of their alleged damages, along with copies of the respective checks and confirmation of delivery to Plaintiffs' counsel.

At the time of the aforementioned unconditional tender offers, and continuing through the present date, Plaintiffs have not moved for class certification. Therefore, Moving Defendants' tender offers moot Plaintiffs' claims. Based upon the aforementioned tenders, this Court lacks subject matter jurisdiction and the Amended Complaint should be dismissed with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3).

---

[3] The Amended Complaint also contains separate counts, brought under identical legal theories, against codefendants OpenMarket and ESBI.

[4] The $559.00 and $250.00 unconditional tenders made to Gantchev and Ryan, respectively, both met and exceeded the full amount of Plaintiffs' alleged pecuniary damages. In fact, the unconditional tender amounts included, but were not limited to, charges claimed and alleged by Plaintiffs for data, text messages, premium text messages, interest, taxes, transaction fees, and relevant court costs.

## III. LEGAL ARGUMENT

### A. Standard Applicable To Motion To Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(h)(3)

It is one of the most basic tenets of jurisprudence that a court must have subject matter jurisdiction over a case. The Federal Rules of Civil Procedure govern a motion to dismiss for lack of subject matter jurisdiction. If a court does not have subject matter jurisdiction, it must dismiss the case because the court lacks authority to hear and decide the case. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

Subject matter jurisdiction may be raised at any time in the litigation. *See id.* Indeed, subject matter jurisdiction cannot be forfeited or waived by a party and a defendant is not required to file a motion to dismiss for lack of subject matter jurisdiction prior to filing its responsive pleading. *Goleminme, Inc. v. Town of Merrillville, Indiana*, 2009 WL 2145607, *3 (N.D. Ind. 2009); *see also Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) (virtually universally accepted practice of the federal courts to permit any party to challenge the subject matter jurisdiction of the court at any time and at any stage of the proceedings).

Where a defendant raises the issue of lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff has the burden of proving jurisdiction by a preponderance of the evidence in order to survive a motion to dismiss. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

B.   **Plaintiffs' Amended Complaint Should Be Dismissed Pursuant To The Mootness Doctrine Because Defendants Made An Unconditional Tender Of The Full Amount Of Plaintiffs' Alleged Claims Prior To Plaintiffs Moving For Certification Of The Class**

Plaintiffs' Amended Complaint should be dismissed for lack of subject matter jurisdiction pursuant to the mootness doctrine. Article III § 2 of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing "cases or controversies." *Flast v. Cohen*, 392 U.S. 83, 94 (1968). Likewise, if the actual controversy disintegrates over the course of a lawsuit, the case is rendered moot. *Prieser v. Newkirk*, 422 U.S. 395, 401 (1974). Where a plaintiff has not established the requisite case or controversy, he or she may not seek relief on behalf of any other members of a class. *Williams v. City of Chicago*, 609 F. Supp. 1017, 1019 (N.D. Ill. 1985); *see also Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.*, 633 F.Supp.2d 610, 614 (N.D. Ill. 2009) (plaintiff must first have a valid cause of action in his own right before he can proceed to represent a class).

Well-established law in this district provides that the unconditional tender of the full amount of a putative class plaintiff's claims before the filing of a motion for class certification renders the plaintiff's individual claim moot and precludes the plaintiff from proceeding as the representative of a putative class, thus rendering the entire putative class action moot. *Gates v. Towery*, 456 F.Supp.2d 953, 960 (N.D. Ill. 2006) (putative class action rendered moot where the defendant offered to satisfy the plaintiff's entire demand prior to plaintiff moving for class certification); *see also Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994) (same). Furthermore, a plaintiff cannot preserve its interest and avoid mootness by refusing an offer of all damages and proceeding to trial. *Gates*, 456 F.Supp.2d at 960; *Holstein*, 29 F.3d at 1147.

Thus, if a named plaintiff's claim becomes moot before the class is certified, the entire suit must be dismissed because no one besides the plaintiff has a legally protected interest in the

litigation. *Wiesmueller v. Kosobucki*, 513 F.3d 784, 786 (7th Cir. 2008); *see also Board of School Commissioners v. Jacobs*, 420 U.S. 128, 128 (1975) (per curiam); *Bertrand ex rel. Bertrand v. Maram*, 495 F.3d 452, 456 (7th Cir. 2007); *White v. Humana Health Plan, Inc.*, Case No. 06 C 5546, 2007 WL 1297130, at *6, 7 (N.D. Ill. 2007); and *Ptasinska v. United States Department of State*, Case No. 07 C 3795, 2007 WL 3241560, at *3 (N.D. Ill. 2007) (Fed. R. Civ. P. 23 permits a defendant to make an unconditional tender to a putative class plaintiff, even where the purpose is to moot class claims, as long as the defendant's offer is made before the plaintiff's motion for class certification is filed).

In *Gates*, plaintiffs brought a class action law suit against the City of Chicago and Superintendent of Police, alleging that defendants violated the Fourteenth Amendment Due Process Clause and Illinois law by seizing money found in the vicinity of persons placed under arrest and then failing to provide adequate notice that the money was available for release. Two days after the complaint was filed, the City tendered a refund check to plaintiffs' counsel for the amounts that plaintiffs claimed were taken from them at the time of arrest. After considering the relevant facts and law, this Court held that the action was moot because the City of Chicago tendered full payment to the named plaintiffs prior to the latter moving for certification of the class.

Similarly, in *Holstein*, two owners of cars towed by the City of Chicago brought a putative class action against the City alleging, *inter alia*, that the City's municipality code was unconstitutional because it permitted the City to tow cars arbitrarily. Prior to any motion for class certification, the City made a tender offer to one plaintiff to refund towing and storage charges. These developments forced the district court to dismiss the claims for lack of subject matter jurisdiction. On appeal, the Seventh Circuit affirmed that the tender offer made prior to a

motion for class certification rendered the claims moot, as there was no longer a dispute over which to litigate.[5]

The facts of this case are similar to those in both *Gates* and *Holstein*, and they warrant the dismissal of Plaintiffs' Amended Complaint on grounds of mootness and lack of subject matter jurisdiction. On or about November 9, 2009, Moving Defendants made full and unconditional tender offers to Plaintiffs.[6] No motion for class certification was pending at the time the tender offers were made, mooting Plaintiffs' claims.

In accord with the prevailing view in this district, because the Plaintiffs' claims became moot before any motion for class certification was filed, the suit <u>must</u> be dismissed. *Gates v. Towery*, 456 F.Supp.2d 953 (N.D. Ill. 2006); *Holstein v. City of Chicago*, 29 F.3d 1145 (7th Cir. 1994); *Wiesmueller v. Kosobucki*, 513 F.3d 784 (7th Cir. 2008); *White v. Humana Health Plan, Inc.*, 2007 WL 1297130 (N.D. Ill.). Any argument by Plaintiffs to the contrary must fail.

## IV. CONCLUSION

Moving Defendants NextWeb Media, LLC, Email Discounts, LLC and Predicto Mobile, LLC have made unconditional tender offers of the full amount of Plaintiffs' alleged damages. No motion for class certification was pending at the time the tender offers were made. No case or controversy exists between Plaintiffs and Moving Defendants. Therefore, Plaintiffs' claims are moot and this Court lacks subject matter jurisdiction pursuant to Rule 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure. For all of the foregoing reasons, Moving Defendants respectfully request that the Court dismiss the Amended Complaint, with prejudice, and provide

---

[5] As to the claim of the second plaintiff, to which no tender was made, the Court of Appeals held that the complaint did not state a substantive due process claim on which relief could be granted.

[6] Plaintiffs' counsel has given no indication of any miscalculations with regard to the unconditional tender amounts.

Moving Defendants with such other and further relief as the Court deems just and proper.

Dated: December 30, 2009

                        KLEIN ZELMAN ROTHERMEL LLP

                        By: _____

                        Richard B. Newman, Esq.
                        485 Madison Ave., 15th floor
                        New York, NY 10022
                        Tel: (212) 935-6020
                        *Attorneys for Defendants*
                        *Admitted Pro Hac Vice*