# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KIRIL GANTCHEV and MARGARET RYAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREDICTO MOBILE, LLC, NEXTWEB MEDIA, LLC, EMAIL DISCOUNTS, LLC, OPENMARKET, INC., and ENHANCED BILLING SERVICES, INC.,<br><br>Defendants. | No. 09 C 2312 and 09 C 2349 (consolidated)<br><br>Judge Ronald A. Guzman<br><br>**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT** |

Defendants PredictoMobile, LLC ("Predicto"), Email Discounts, LLC ("Email Discounts"), and their parent company Defendant NextWeb Media, LLC ("NextWeb") (collectively, the "NextWeb Defendants"), have made several attempts to dispose of this lawsuit rather than address the charges raised herein. Their latest attempt—this Motion to Dismiss Plaintiffs' Amended Class Action Complaint for Lack of Subject Matter Jurisdiction ("Motion to Dismiss II")—is no more valid than their previous attempts. The NextWeb Defendants' argument that their purported "unconditional tenders" rendered the Plaintiffs' claims moot contradicts Illinois law, and should be seen for what it is: a callous attempt to buy their way out of this lawsuit for a few hundred dollars rather than expose their conduct to judicial scrutiny.

Illinois and federal law provide protection against the gamesmanship in which the NextWeb Defendants are engaged. Under governing Illinois law, defendants who want to satisfy statutory consumer fraud claims through tender offers must include reasonable attorneys' fees in such offers. NextWeb's offers here contained no provision for fees, so they are of no force.

Under federal law, a tender offer must afford complete relief to the plaintiff. Where, as here, the suit includes claims for tort damages, injunctive and declaratory relief, an offer to return all of the Plaintiffs' money is simply a settlement offer, entitled to no weight.

Even if the NextWeb Defendants' purported "unconditional tenders" would otherwise moot the Plaintiffs' claims, they do not render this case infirm. The claims in this case—cramming of unauthorized third party charges by NextWeb's subsidiaries Predicto and Email Discounts, and attempted resolution of those unauthorized charges through incomplete partial refunds to complaining consumers—are precisely the type of claims that are "capable of repetition, yet evading review," and should survive even if the Court determines that the Plaintiffs' claims would otherwise be extinguished.

The purported "tender offers" made to the Plaintiffs here exemplify NextWeb's business plan—bill unsuspecting consumers until discovered, then try to buy them off as cheaply as possible. NextWeb has operated in precisely this fashion for years, unaffected by consumer complaints, government investigations, and legal proceedings. Just last week, the Washington Post reported that NextWeb founder and CEO Eyan Yechezkell "has a history of running similar scams under different company names" and a former employee of NextWeb explained in that article that consumers billed by NextWeb's subsidiaries "sign up through online affiliates, but often they don't know that they are signing up for a $10/month mobile game." *See* Erick Schonfeld, *Complaints Paint Snackable Media As A Scamville For Mobile Phones*, Washington Post (Jan. 20, 2010) (online edition), http://www.washingtonpost.com/wp-dyn/content/article/2010/01/20/AR2010012004135.html.[1]

The entire history of NextWeb and its subsidiaries shows that they will continue to

---

[1] NextWeb Media LLC changed its corporate name to Snackable Media LLC on or about Nov. 4, 2009. For purposes of this Opposition, NextWeb shall be used to refer to both entities.

charge unsuspecting consumers for their "products" until forced to account to those consumers directly. Nothing prevents NextWeb and its subsidiaries from engaging in precisely the same conduct, even as to these Plaintiffs, outside of the relief available through this suit.

## THE FACTS

This suit was filed on August 28, 2008, in the Circuit Court of Cook County, by Plaintiff Gantchev against Defendant Predicto. On March 12, 2009, the Plaintiffs filed a First Amended Complaint adding Margaret Ryan as a Plaintiff, and adding NextWeb, Email Discounts, and the billing aggregators OpenMarket, Inc. ("OpenMarket") and Enhanced Services Billing, Inc. ("ESBI") as Defendants. ESBI removed the case to this court on April 16, 2009. (Dkt. No. 1).

On May 15, 2009, the NextWeb Defendants filed a Motion to Dismiss or for a More Definitive Statement. (Dkt. No. 15.) This Court denied that Motion on September 18, 2009. (Dkt. No. 47.) Defendants Predicto and Email Discounts then made settlement offers purporting to be "tender offers" to each of the Plaintiffs on or about November 9, 2009, in the hopes of "picking off" the class representatives rather than defend their business practices. These attempts were unsuccessful.

When it became obvious to the NextWeb Defendants that a Motion for Class Certification would be filed in accordance with this Court's January 4, 2010 deadline, they made one last attempt to avoid the suit, and filed a second Motion to Dismiss this case on December 30, 2009, claiming that their earlier tender offers moot the Plaintiffs' claims. (*See* Dkt. No. 65).

On January 4, 2010, Plaintiffs timely filed their Motion for Class Certification in this matter. (Dkt No. 69).

Defendant ESBI has now joined this Motion to Dismiss (Dkt. No. 77).

## ARGUMENT

### I. The Purported Tender Offers Do Not Moot the Plaintiffs' claims

A plaintiff's personal interest ends only when the defendant "offers to satisfy the plaintiff's entire demand," because if the Defendant has given the plaintiff everything she seeks in the suit, "there is no [longer a] dispute over which to litigate." *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir.1991). The offer of relief, however, must be complete; the rejection of an offer of less than the complete relief sought by a suit does not prove that there is no dispute between the litigants. *Gates v. Towery*, No. 04 C 2155, 2004 WL 2583905, at *1 (N.D. Ill. Nov. 10, 2004) (citing *Griesz v. Household Bank, N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999)).

Here, the offer of relief was not complete. The NextWeb Defendants' offer did not provide for attorneys' fees, as required to constitute a complete tender under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* ("ICFA"). Furthermore, the Defendants' offer did not include an offer to voluntarily discontinue the conduct that is the subject of Plaintiffs' requests for injunctive relief, nor did it attempt to make whole plaintiffs' tort damages for tortious interference with contract, or satisfy Plaintiffs' request for declaratory relief. Accordingly, the offer mooted nothing.

    *A. The NextWeb Defendants' Offer is Invalid as a Tender Under the Illinois Consumer Fraud Act*

The settlement offers made by the NextWeb Defendants do not moot Plaintiffs' claims against them. As a Federal Court sitting in diversity, this court must apply the substantive law of Illinois. *See State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 669 (7th Cir. 2001). Illinois law is clear that where a lawsuit involves a statutory right to recover attorney fees, particularly in a case brought pursuant to the ICFA, a settlement offer made during the pendency of the suit that does not provide for "reasonable attorney fees" is not a "full tender" and does not moot the

lawsuit. *See infra.* This principal has been upheld in the Illinois courts and this Court as well. The provision for attorney fees in the ICFA is clear and unambiguous. *See* 815 ILCS 505/10a(c) ("the Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party"). Here, the Plaintiffs have demanded both injunctive relief and reasonable costs and attorneys' fees, as contemplated by the IFCA. See Amd. Compl., *ad damnum* (Dkt. No. 1).

When a consumer brings a suit under the ICFA, as here, *see* Amd. Compl., Counts III, VI, IX, an offer to satisfy the plaintiff's entire demand must include reasonable attorney fees if brought after the initiation of the suit. In *Bates v. William Chevrolet/Geo, Inc.*, 785 N.E.2d 53, 337 Ill. App. 3d 151 (Ill. App. 1 Dist.,2003), the court addressed this precise issue. There, the defendant appealed an adverse verdict after trial under several theories, including the ICFA. The defendant argued for reversal of the judgment on the grounds that "that it made several attempts to refund plaintiff's down payment prior to trial, including sending the money to plaintiff by certified mail." *Bates*, 785 N.E.2d at 62, 337 Ill. App. 3d at 162. Defendant also argued that "since it tendered to plaintiff's counsel the "full amount" owed to plaintiff, there remained no actual controversy and the suit was rendered moot." *Id.*

The Court disagreed, holding: "Defendant failed to tender the attorney fees recoverable under section 10a(c) of the Consumer Fraud Act and, thus, failed to tender the "full amount" owed to plaintiff. Accordingly, plaintiff's cause of action was not moot." *Id.* Similarly here, the defendants' purported tender did not include attorney fees recoverable under Section 10a(c) of the ICFA. As such, it does not moot the Plaintiffs' claims.

In a similar case, the Illinois Court of Appeals came to the same conclusion even when the tender offer was made prior to the initiation of a lawsuit. In *Jones v. William Buick, Inc.*, 785

N.E.2d 910, 337 Ill. App .3d 339 (1st Dist. 2003), the defendants refunded the plaintiffs' deposit on an automobile before the initiation of suit, but after the plaintiffs' attorney had made a $50,000 pre-suit settlement demand. The trial court granted summary judgment to the defendants, but the Court of Appeals reversed, stating that the case was distinguishable from cases that held a full tender rendered a plaintiff's claim moot, and holding: "the Joneses have not abandoned their claim under the [ICFA] in favor of continued pursuit of their common law fraud claim. A prevailing party in a proceeding under the Act may recover attorney fees. ... The Joneses thus possess the statutory basis for attorney fee recovery found lacking in *Hayman*." *Jones*, 785 N.E.2d at 913, 337 Ill. App. 3d at 343.

The rationale of *Bates* and *Jones* has been followed in this District. In *Anderson v. Elmhurst Chevrolet, Inc.*, No. 03 C 5662, 2004 WL 238170, at *1 (N. D. Ill. Sep. 2, 2004), the defendants filed a Rule 12(b)(6) motion, arguing "that the entire amended complaint should be dismissed because Elmhurst offered plaintiff a refund of the purchase price of the truck prior to the filing of this action." *Anderson*, No. 03 C 5662, 2004 WL 238170, at *3. The Court denied the motion to dismiss, stating that the defendant,

> aware of a possible Consumer Fraud Act claim, did not refund or make any offer to compensate plaintiff for reasonable attorney's fees (which [defendant] knew plaintiff was incurring). Nor did Elmhurst offer to pay other losses, costs, and expenses incurred by plaintiff. ... Therefore, [defendant] did not make an offer to pay the full amount owed to plaintiff, and dismissal would not be warranted.

*Id.* at *4.

In each of these cases, the defendants made purported unconditional tender offers to the plaintiffs prior to, or early in the pendency of, a lawsuit. Where, as here, the case has been litigated for over a year as a class action, been removed, subjected to multiple motions to

dismiss, and the purported tender occurs shortly before the court-ordered date for filing of a class certification motion, the situation is even more obvious. The tender offers do not moot the case.

   B.  *The NextWeb Defendants' Offer Cannot Moot this Case Because it Includes no Injunctive or Decalratory Relief*

In this District, suits seeking injunctive or declaratory relief are not mooted by purely monetary offers of relief. In *Gates v. Towery*, No. 04 C 2155, 2004 WL 2583905, at *1 (N.D. Ill. Nov. 10, 2004), the Court rejected a mootness argument under analogous circumstances. The defendants in that case offered to give plaintiffs the monetary relief that they sought in the suit, and claimed that the offer mooted the case. *Gates*, 2004 WL 2583905, at *2. The court rejected the mootness argument because the offer did not include the other relief sought, "including the return of their money with interest, a judgment declaring that the alleged policy is unconstitutional, attorney's fees and costs, and an injunction preventing defendants from continuing the purportedly unconstitutional practice." *Id.* at *3. The court rejected the idea that the offer constituted complete relief, stating: "The offer of relief, however, must be complete: 'obviously the rejection of an offer of less than the complete relief sought by a suit does not prove that there is no dispute between the litigants.'" *Id.*, at *2 (citing *Griesz v. Household Bank, N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999)).

Similarly here, the Plaintiffs have sought not only monetary relief and statutory attorney fees and costs, but also declaratory relief as to the illegality of the Defendants' conduct, injunctive relief, and interest. *See* Amd. Compl., *ad damnum* (Dkt. No. 1). As a result, Defendants' offer was not complete. The *Gates* Court, denying the mootness challenge, stated:

> [i]f Defendants had offered not to engage in the purportedly discriminatory policy along with its offer to return Plaintiffs' money with interest, that may have mooted Plaintiffs' claims. ... Because they have not addressed the underlying policy challenged here, however, Defendants have neither offered all of the relief sought nor met their burden of showing that "it is absolutely clear the allegedly wrongful

7

> behavior could not reasonably be expected to recur. As a result, we find that
> Plaintiffs' claims are not moot.

*Gates*, 2004 WL 2583905, at *3. Similarly here, the NextWeb Defendants cannot show that their offer moots the Plaintiffs' claims. The mootness challenge must be rejected on this basis as well.

## II. The Defendants Conduct is "Capable of Repetition, Yet Evading Review"

Even if this Court were to determine that the claims of these individual Plaintiffs were mooted by the Defendants' purported tender offers, dismissal would not be warranted in this case. The "mooting of the class representative's personal claim does not bar him from continuing to represent the class. There may be times when a proposed named plaintiff's claims become moot before the district court can reasonably be expected to rule on a certification motion." *Kazarov v. Achim*, No. 02 C 5097, 2003 WL 22956006, at *3 (N.D. Ill. Dec. 12, 2003) (citing *Sosna v. Iowa*, 419 U.S. 393, 402 n. 11 (1975)). This rule is applicable to cases when a defendant's conduct is "capable of repetition, yet evading review." *Id.* In such circumstances, the court may allow "picked-off" plaintiffs to continue representing classes of those similarly injured, but who have not been given the individual relief specifically designed by defendants to moot a case. In cases involving claims that are "capable of repetition, yet evading review," the court should examine "the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review" in deciding whether to "relate back" the certification to the filing of the complaint and thus avoid mootness." *Id.*

Defendants' suggestion that no class was certified or class certification motion pending at the time they made their purported tender offers is of no moment. The law is clear that "[s]o long as plaintiff's injury is not moot at the time her federal complaint is filed, subsequent resolution of her injury will not moot her claim for the purposes of her standing to pursue the

class claims." *Carter v. Doyle*, 95 F.Supp.2d 851, 857-58 (N.D. Ill., 2000). The *Carter* court noted that the Supreme Court clarified its holding from *Sosna*, stating that "*Sosna* should not be read to suggest that the timing of class certification is important, especially where the injury is inherently transitory. *Carter*, 95 F. Supp. 2d at 858 (citing *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 398 & n. 6 (1980)).

Here, the injury to the Plaintiffs is inherently transitory, and the conduct of defendants is "capable of repetition, yet evading review." As shown by the actions of Defendants in this very case, they will attempt to moot actions by attempting to make pre-suit refunds to potential plaintiffs; failing that, they will attempt to make tender offers after suits are filed. When such conduct is combined with the NextWeb Defendants' demonstrated willingness to change corporate names and states of incorporation, these defendants obviously hope to avoid review of their activities by courts.

Courts do not lose their ability to determine the legality of a defendant's conduct under such circumstances. As the Supreme Court made clear in *Friends of the Earth, Inc. v. Laidlaw Env. Svcs., Inc.*, "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice" because if "it did, the courts would be compelled to leave '[t]he defendant ... free to return to his old ways.'" 528 U.S. 167, 189 (2000) (internal citations omitted). In cases such as this, where the NextWeb Defendants' voluntary cessation of illegal conduct purports to moot a claim, the defendants bear a "'heavy burden of persua[ding]' the court that the challenged conduct cannot reasonably be expected to start up." *Id.*

The NextWeb Defendants cannot meet that burden; their allegedly illegal conduct will undoubtedly continue, as evidenced by the current investigations of state Attorneys General and

private enforcement actions such as this one. The *Friends of the Earth* Court summarized its mootness jurisprudence by stating that "there are circumstances in which the prospect that a defendant will engage in (or resume) harmful conduct may be too speculative to support standing, but not too speculative to overcome mootness." *Id.* at 167. Even if this Court were to find the Plaintiffs' individual claims otherwise mooted by the tender offers, the certainty that Defendants' illegal conduct will continue supports standing under the well-established theory that their conduct is capable of repetition, yet evading review.

## CONCLUSION

For the reasons discussed above, Plaintiffs Kiril Gantchev and Margaret Ryan respectfully request that this Court deny the pending Motion to Dismiss in its entirety, and for such other and further relief as the Court deems reasonable and just.

Respectfully submitted,

**KIRIL GANTCHEV and MARGARET RYAN**

By: /s/ Michael J. McMorrow
    One of Plaintiff's Attorneys

Jay Edelson
jedelson@edelson.com
Michael J. McMorrow
mjmcmorrow@edelson.com
Rafey Balabanian
rbalabanian@edelson.com
Edelson McGuire, LLC
350 North LaSalle, Ste. 1300
Chicago, IL 60654

# CERTIFICATE OF SERVICE

I, Michael McMorrow, an attorney, hereby certify that on this 25th day of January, 2010, I served the above and foregoing ***PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT***, by electronic mail and by the Court's CM/ECF system, to the following:

| | |
|---|---|
| Elizabeth S. Elmore<br>Michael Peter Conway<br>Grippo & Elden LLC<br>111 South Wacker Drive, Suite 5100<br>Chicago, Illinois 60606<br>docket@grippoelden.com | Sean A. Moynihan<br>David Rimas<br>Klein Zelman Rotherman LLP<br>485 Madison Avenue<br>New York, NY 10022<br>seanm@kleinzelman.com<br>david.rimas@kleinzelman.com |
| Charles Plat<br>Sanket Bulsara<br>Wilmer Cutler Pickering<br>  Hale and Dorr LLP<br>399 Park Avenue<br>New York, NY 10022<br>(212) 230-8860<br>Charles.Platt@wilmerhale.com<br>Sanket.Bulsara@wilmerhale.com | Geoffrey A. Vance<br>Wilber H. Boies<br>Monica Marie Quinn<br>McDermott, Will & Emery LLP<br>227 West Monroe Street, #4400<br>Chicago, Illinois 60606<br>gvance@mwe.com<br>bboies@mwe.com<br>mquinn@mwe.com |
| | Avidan Joel Stern<br>Lynch & Stern LLP<br>150 S. Wacker Drive, Suite 2600<br>Chicago, Illinois 60606<br>avi@lynchandstern.com |

/s/ Michael McMorrow
Michael J. McMorrow