UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIRIL GANTCHEV and MARGARET RYAN, individually and on behalf of a class of similarly situated individuals, | : : : | No. 09-CV-2312 |
| | : | Hon. Ronald A. Guzman |
| Plaintiffs, | : : | |
| vs. | : : | |
| PREDICTOMOBILE, LLC, a Delaware limited liability company, NEXTWEB MEDIA, LLC, a Nevada limited liability company, EMAIL DISCOUNTS, LLC, a Nevada limited liability company, OPENMARKET, INC., a Michigan corporation, ENHANCED BILLING SERVICES, INC., a Delaware corporation, | : : : : : : : : | |
| Defendants. | : | |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT
FOR LACK OF SUBJECT MATTER JURISDICTION**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3), Defendants PredictoMobile, LLC ("Predicto"), Email Discounts, LLC ("EDS") and NextWeb Media, LLC ("NextWeb") (collectively, the "Moving Defendants"), by and through undersigned counsel, respectfully reply in support of Defendants' Motion to Dismiss the Amended Class Action Complaint For Lack of Subject Matter Jurisdiction (the "Motion").

**I. INTRODUCTION**

Plaintiffs Kiril Gantchev ("Gantchev") and Margaret Ryan ("Ryan") (collectively, the "Plaintiffs") do not dispute that a full and unconditional tender made prior to a motion for class certification moots both a named plaintiff's individual claims and all putative class claims. Instead, they suggest that Moving Defendants' full and unconditional tender offers (the "Tenders") did not provide "complete relief" because they did not include statutory attorneys' fees for Plaintiffs' Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA")

claims.[1] Where a plaintiff has been offered complete relief on merits, however, a claimed interest in statutory attorneys' fees is insufficient to support Article III jurisdiction. Consequently, Plaintiffs' attempt to use the Erie Doctrine to shoehorn Illinois case law into a threshold determination of this Court's Article III "case or controversy" jurisdiction is plainly wrong.

Plaintiffs' claims for equitable relief should also be dismissed as moot because a defendant's willingness to return a plaintiff's money is sufficient to accomplish restitution. The Tenders, coupled with Plaintiffs' failure to set forth a reasonable likelihood that they, themselves, will again be subject to the same events, also moot their requests for injunctive and declaratory relief.[2] The Tenders are also sufficient to moot Plaintiffs' claims for tortious interference with a contract because Plaintiffs have not demonstrated any actual damages and Moving Defendants attempted to make them whole by offering more than they allegedly suffered. Plaintiffs also fail to make a legally sufficient argument that their class claims fall within the purview of the narrow "capable of repetition" exception to the mootness doctrine.

By virtue of the Tenders, Plaintiffs have been granted the essential relief that they have demanded. Therefore, Plaintiffs' individual and class claims are moot as there no longer exists a case or controversy between them and Moving Defendants. The Motion should be granted and Plaintiffs' Amended Class Action Complaint (the "Amended Complaint") should be dismissed in its entirety.[3]

---

[1] Gantchev and Ryan incurred respective charges of approximately $9.99 and $209.30 for Moving Defendants' premium telephone content products and services. The Tenders of $559.00 and $250.00, respectively, both met and exceeded Plaintiffs' actual damages. Combined with Moving Defendants' offer to pay for all other costs incurred by Plaintiffs, Plaintiffs were afforded "complete relief."

[2] Plaintiffs have not stated causes of action seeking injunctive or declaratory relief. Plaintiffs merely pray for such relief in the Amended Class Action Complaint.

[3] It is of paramount importance for this Court to note that the harm that Plaintiffs allege was self-imposed. Plaintiffs expressly consented to receive and be billed the premium telephone content products and services. This fact is best illustrated by Plaintiffs' recent attempt to advance a different, much broader, definition of the putative class than the definition set forth in the Amended Complaint. No doubt recognizing that Plaintiffs, in fact, authorized Moving Defendants to bill for the premium telephone content products and services, Plaintiffs' Motion for Class Certification omits all references to "unauthorized

875858.2

2

## II. ARGUMENT

### A. A Tender Of Attorneys' Fees Was Not Necessary To Moot Plaintiffs' Claims.

In their opposition to the Motion (the "Opposition"), Plaintiffs suggest that the Tenders were insufficient to moot their ICFA claims because they did not include statutory attorneys' fees.[4] Plaintiffs are incorrect because where a plaintiff has been offered complete relief on the merits, a claimed interest in statutory attorneys' fees is insufficient to sustain the live "case or controversy" necessary to support Article III jurisdiction. Moreover, Plaintiffs cannot establish that they qualify as "prevailing parties" entitled to attorneys' fees under the ICFA, as they have not obtained a judgment on the merits, a consent decree, or some other judicially sanctioned change in the parties' legal relationship. Finally, even if this Court were to find a claimed interest in statutory attorneys' fees sufficient to sustain its Article III jurisdiction, Plaintiffs have never alleged, and do not now allege, that they have paid any attorneys' fees for which they must be reimbursed.

#### 1. A Tender of Attorneys' Fees is Not Necessary to Moot a Claim in Article III Courts.

In Article III courts, a tender of attorneys' fees is not necessary to moot a claim. Where a defendant has tendered full relief to a plaintiff on the merits of a claim, a claimed interest in statutory attorneys' fees is an insufficient basis to support Article III jurisdiction because there no longer exists a live "case or controversy." *See Harrington v. Heavy*, No. 04 C 5991, 2007 WL 257681, at *1 (N.D. Ill. Jan. 23, 2007) (*citing Lewis v. Continental Bank Corp.* 494 U.S. 472, 480 (1990) (plaintiff's interest in prevailing party attorneys' fees, standing alone, is insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim); *Wilner v. OSI Collection Services, Inc.*, 201 F.R.D. 321 (S.D.N.Y. 2001)

---

charges." (Plaintiffs' Motion for Class Certification, Dkt. No. 69) Of course, this attempt to modify the putative class definition set forth in the Amended Complaint through the Motion for Class Certification, without leave of the Court, presents a "moving target" and is wholly inappropriate. *See Cwiak v. Flint Ink Corporation*, 186 F.R.D. 494, 497 (N.D. Ill. 1999).

[4] Plaintiffs' seek attorneys' fees incident to their ICFA, 815 ILCS 505/1 *et seq.* (Count III) claims.

875858.2

3

(same); *Diamond v. Charles*, 476 U.S. 54, 70-71 (1986) (the "mere fact that continued adjudication would provide a remedy for an injury that is only the byproduct of the suit itself does not mean that any injury is cognizable under Art. III"); 1A C.J.S. Actions 76 ("[g]enerally, a moot action will not be retained for determination merely to decide incidental questions such as liability for costs or attorneys' fees"). This is true even where a plaintiff's claim to attorneys' fees is premised on state law. *See, e.g., Brogato v. Proviso Township Mental Health Commission*, No. 04 C 7493, 2008 WL 904775, at *6 (N.D. Ill. March 31, 2008) (holding, based on *Lewis*, that an interest in attorneys' fees was insufficient to create an Article III case or controversy where none existed on the merits of plaintiff's underlying Illinois Tort Immunity Act claim).[5]

Perhaps misunderstanding this "threshold jurisdictional question," Plaintiffs make an Erie Doctrine argument that is simply inapplicable to the determination of a federal court's Article III "case or controversy" jurisdiction, which is undeniably governed by federal law. *See, e.g., Krislov v. Rednour*, 226 F.3d 851, 857 (7th Cir. 2000) (the mootness doctrine defines constitutionally minimal conditions for the invocation of federal judicial power). Mootness is a threshold jurisdictional question that insures that the court is faithful to the case or controversy limitation in Article III of the Constitution. *Majkowski v. American International Group, Inc.*, No. 08 CV 4842, 2008 WL 5272193, at *2 (N.D. Ill. Dec. 16, 2008). *See also Evers v. Astrue*, 536 F.3d 651, 662 (7th Cir. 2006).[6] State law is thus inapplicable, and the Illinois cases Plaintiffs cite are irrelevant.[7]

---

[5] A quest for fees does not justify a substantive adjudication made unnecessary by the mootness of the original claim. *See, e.g., Gates v. Towery*, 430 F.3d 429, 430 (7th Cir. 2005).

[6] If a court does not have subject matter jurisdiction, it must dismiss the case. *See* Fed. R. Civ. P. 12(h)(3) ("whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

[7] Even assuming, *arguendo*, that the threshold issue is an Erie Doctrine determination of whether attorneys' fees

875858.2

## 2. Plaintiffs Are Not "Prevailing Parties" Entitled to Attorneys' Fees.

Even if attorneys' fees were required to moot a claim, Plaintiffs are not "prevailing parties" entitled to ICFA attorneys' fees. *See* 825 ILCS 505/10a(c) (the court *may* award "reasonable attorneys' fees and costs to the *prevailing party*") (emphasis added). The phrase "prevailing party" is a legal term of art that the Supreme Court believes should be consistently applied. *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Services, et al.*, 532 U.S. 598, 602-03 (2001). To qualify as a "prevailing party," a party must have obtained an enforceable judgment on the merits, a court-ordered consent decree, or some other judicially sanctioned, material change in the legal relationship of the parties. *Id.* at 604. *See also King v. Illinois State Bd. of Elections*, 410 F.3d 404, 414 (7th Cir. 2005); *T.D. v. LaGrange School Dist. No. 102*, 349 F.3d 469, 479 (7th Cir. 2003).

A voluntary tender offer – especially where not accepted - does not qualify a plaintiff as a prevailing party because it lacks sufficient judicial imprimatur, and thus a plaintiff whose claim is mooted by a tender offer is not entitled to attorneys' fees.[8] *Buckhannon Bd.*, 532 U.S. at 599; *Walker v. Calumet City, Ill.*, 565 F.3d 1031, 1034 (7th Cir. 2009); *Gautreaux v. Chicago Housing Authority*, 491 F.3d 649, 655 (7th Cir. 2007). Logically, Moving Defendants are only required to tender the full amount to which Plaintiffs are *entitled* under the law, not necessarily the amount to which Plaintiffs *claim* they are entitled.[9] Thus, Plaintiffs' request for attorneys' fees is

---

are substantive or procedural, Illinois law plainly holds that attorneys' fees are "procedural," making federal, not state, law controlling. *See Gemini Consulting Group, Inc. v. Horan Keogan Ryan, Ltd.*, No. 06 C 3032, 2008 WL 4717160, at *4 (N.D. Ill. May 13, 2008).

[8] Plaintiffs have gone to great lengths to distort the relevance of *Bates v. William Chevrolet/Geo, Inc.*, 785 N.E.2d 53, 337 Ill. App. 3d 151 (2003) and *Jones v. William Buick, Inc.*, 785 N.E.2d 910, 337 Ill. App. 3d 339 (2003). Even if Illinois law controlled the federal court's Article III jurisdiction, Illinois' recent adoption of the Supreme Court's "prevailing party" standard in *City of Elgin v. All Nations Worship*, 868 N.E.2d 385, 373 Ill. App. 3d 167 (2007) and *Melton v. Frigidaire*, 805 N.E.2d 322, 346 Ill. App. 3d 331 (2004) indicates that today, Illinois courts would not require the tendering of attorneys' fees under the ICFA.

[9] Plaintiffs' claims are further weakened by the discretionary nature of the ICFA's attorneys' fees provision. *See, e.g., Chesrow v. Du Page Auto Brokers, Inc. et al.*, 557 N.E.2d 1301, 1303, 200 Ill. App. 3d 72 (1990) (decision

875858.2

irrelevant and cannot keep this case in federal court since it has become moot in all other respects. *Harrington*, 2007 WL 257681, at *1.

### 3. The Tenders Included an Offer to Pay for All Costs Incurred by Plaintiffs, But Plaintiffs Have Never Claimed To Have Paid Any Attorneys' Fees.

The Tenders, which Plaintiffs have never rejected, included an affirmative offer for all "other losses, costs and expenses incurred by Plaintiffs." In fact, Moving Defendants specifically requested that Plaintiffs' counsel inform them if Plaintiffs believed that the Tenders did not represent the full relief to which Plaintiffs were allegedly entitled. Plaintiffs have never claimed that the Tenders were insufficient to fully reimburse them for amounts paid.[10] Thus, assuming, *arguendo*, that Plaintiffs *actually paid any attorneys' fees* and that such fees are required to moot a claim under federal law, they were clearly encompassed by the Tenders.

As a result, even if this Court were to find that a tender of attorneys' fees was required to moot its Article III jurisdiction, Plaintiffs' claims should be dismissed because they have not claimed, much less submitted proof, that they have, in fact, *paid* any attorneys' fees related to their ICFA claims.[11] The burden is unquestionably on the Plaintiffs to put forth competent proof of jurisdiction, and Plaintiffs' factual allegations are subject to closer scrutiny on a motion to dismiss for lack of subject matter jurisdiction than for failure to state a claim. *United Motorcoach Ass'n, Inc. v. Welbes*, 614 F. Supp. 2d 1, 7 (D. D.C. 2009).[12] An attorney's

---

whether to award attorneys' fees under the Consumer Fraud Act rests within the sound discretion of the trial court).

[10] Thus, even if Plaintiffs have paid actual attorneys' fees, which Moving Defendants dispute, equitable principles dictate that Plaintiffs should now be estopped from asserting that the Tenders are somehow insufficient. *See, e.g. Board of Trustees v. Stamp*, 608 N.E.2d 1274, 241 Ill. App. 3d 873 (1993) (estoppel is invoked where conscience and honest dealing require its application).

[11] Plaintiffs' sole claim to attorneys' fees in their Opposition is pursuant to their ICFA claims. Thus, even if this Court were to find that Moving Defendants did not make a complete tender under the ICFA claims, all other claims brought by Plaintiffs are independently subject to dismissal.

[12] It is incumbent upon a plaintiff to submit sufficient evidence to the trial court to support his request for attorneys' fees. *Schorsch v. Fireside Chrysler-Plymouth, Mazda, Inc.*, 286 Ill. App. 3d 719 (1997). Furthermore,

875858.2

personal interest in obtaining statutory attorneys' fees certainly cannot establish the live "case or controversy" required by Article III.

Presumably aware of this flaw, Plaintiffs tip-toe around the elephant in the room: whether they have actually paid any attorneys' fees. Nothing has prevented Plaintiffs from submitting evidence of any such payments, assuming such evidence even exists.[13] They simply chose not to. Either way, Plaintiffs have failed to meet their burden of putting forth competent proof of the sole alleged basis for this Court's jurisdiction.[14]

As set forth previously, Plaintiffs have cited two inapplicable Illinois cases, *Bates v. William Chevrolet/Geo, Inc.*, 785 N.E.2d 53, 337 Ill. App. 3d 151 (2003) and *Jones v. William Buick, Inc.*, 785 N.E.2d 910, 337 Ill. App. 3d 339 (2003), in an attempt to distract this court from their obvious failure to set forth competent proof of this Court's jurisdiction. The only Northern District case Plaintiffs cite, *Anderson v. Elmhurst Chevrolet, Inc.*, No. 03 C 5662, 2004 WL 238170, at *1 (N.D. Ill. Sep. 2, 2004), is easily distinguishable, as the court there specifically noted that the tender offer at issue did not include attorneys' fees that the defendant *knew plaintiff was incurring* and did not offer to pay "other losses, costs and expenses" incurred by plaintiff.

Applicable federal law is clear - when a plaintiff's claim is moot on the merits, a claimed interest in statutory attorneys' fees cannot support Article III jurisdiction. *See Harrington*, 2007 WL 257681, at *1.[15] The Court should not depart from such well-established authority. The

---

any alleged statutory entitlement to attorneys' fees is limited to only those fees incurred that were for work specifically related to the ICFA claims. *Id.* at 1033.

[13] In considering a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court may "properly look beyond the jurisdictional allegations… [to] whatever evidence has been submitted on the issue…" *Majkowski*, 2008 WL 5272193, at *2.

[14] Plaintiffs merely speculate regarding entitlement to attorneys' fees and also fail to allege an amount with any reasonable certainty.

[15] *See also Lewis*, 494 U.S. at 480 (demand for attorneys' fees is hardly sufficient to justify a court disregarding

875858.2

Tenders mooted Plaintiffs' claims on the merits, and both the individual claims and the putative class action claims must now be dismissed for lack of subject matter jurisdiction.

### B. The Plaintiffs' Claims for Equitable Relief Should Be Dismissed As Moot.

Plaintiffs' Restitution / Unjust Enrichment (Count I) claims and requests for declaratory relief are essentially restitution-based claims that have also been mooted by the Tenders. *Gates v. Towery*, 456 F.Supp.2d 953, 960 (N.D. Ill. 2006).[16] The Seventh Circuit has expressly indicated that a defendant's willingness to return a plaintiff's money is sufficient to accomplish restitution. *Gates*, 456 F.Supp.2d at 960-61. Similarly, under Illinois law, restitution is accomplished by "return or restoration" of some specific thing to its rightful owner or status." *King v. First Capital Fin. Servs. Corp.*, 215 Ill.2d 1, 33 (2005).

As set forth in the Motion, the Tenders both met and exceeded the full amount of Plaintiffs' alleged actual damages.[17] To the extent that Moving Defendants have decided to seek restitution, Plaintiffs' claims for unjust enrichment and declaratory relief are barred by the Tenders. *Gates*, 456 F.Supp.2d at 960-61. Therefore, this Court should dismiss Plaintiffs' restitution-based claims as moot.[18]

---

reasonable caution and press a mooted litigation forward, solely in order to obtain reimbursement of sunk costs).

[16] *Gates v. Towery*, 456 F.Supp.2d 953 (N.D. Ill. 2006) has a long history in this Court, which has already authored numerous opinions. *See Gates v. Towery*, 331 F.Supp.2d 666 (N.D. Ill. 2004) ("*Gates I*"); *Gates v. Towery*, No. 04 C 2155, 2004 WL 2583905 (N.D. Ill. Nov. 10, 2004) ("*Gates II*"), *aff'd*, 430 F.3d 429 (7th Cir. 2005) ("*Gates III*"); *Gates v. Towery*, 435 F.Supp.2d 794 (N.D. Ill. 2006) ("*Gates IV*").

[17] Although the Tenders did, in fact, include relevant court costs, Illinois law does not require Moving Defendants to offer Plaintiffs' court costs in order to accomplish restitution. *Gates v. Towery*, 456 F.Supp.2d 953, 960 (N.D. Ill. 2006).

[18] In *Golden v. Zwickler*, 394 U.S. 103 (1969), the United States Supreme Court held that because it was "most unlikely" that plaintiff would again be subject to the same events, no case or controversy of "sufficient immediacy and reality" was present to allow declaratory judgment. Thus, Plaintiffs' tenuous assertion that they may again be subject to the same alleged action does not create the actual controversy that must exist for a declaratory judgment to be entered. *See also Cornucopia Institute v. United States Dept. of Agriculture*, 560 F.3d 673, 676 (7th Cir. 2009) (Congressional authorization to issue declaratory relief is merely procedural and the constitutional requirement of a justiciable case or controversy remains applicable to declaratory judgments).

Plaintiffs' request for injunctive relief is also subject to dismissal. As support for its untenable position that the Tenders were incomplete because they did not include an offer to discontinue the allegedly unauthorized billing practices, Plaintiffs cite *Gates v. Towery*, No. 04 C 2155, 2004 WL 2583905 (N.D. Ill. Nov. 10, 2004) ("*Gates II*") in a misconceived effort to convince this Court that the instant matter is factually analogous.[19]

In the *Gates* cases, the plaintiffs were arrestees who brought putative civil rights class action claims challenging the procedures the City of Chicago used for dealing with property that the police seize when making custodial arrests. In *Gates II*, the Court held that an offer to discontinue the purportedly unconstitutional practice would moot a claim for injunctive relief. There, the Court's holding was not unreasonable because the City of Chicago could change its discriminatory policies regarding the procedures by which it handled seized property without having to change its entire operating procedures regarding arrests.

Here, Plaintiffs allege that they incurred unauthorized charges for premium telephone content products and services on their telephone bills. However, Plaintiffs willfully consented to receive and be billed for the aforementioned services. Therefore, the injunctive relief analysis set forth in *Gates II* is inapplicable. To accept the *Gates II* theory as correct, Moving Defendants would be required to offer to completely cease doing business, including discontinuing the processing of proper, lawful, and legitimate requests for premium telephone content products and services.[20]

---

[19] Plaintiffs' citation to *Griesz v. Household Bank, N.A.*, 176 F.3d 1012 (7th Cir. 1999) is also misplaced and clearly distinguishable. In *Griesz*, the Seventh Circuit considered whether an *offer of judgment* was for the entire relief sought by the suit. However, the offer of judgment was not made until *after* the district judge had already refused to certify a class action.

[20] Further, since Moving Defendants have made full and unconditional tenders for the full amount of Plaintiffs' alleged damages, they no longer have a personal stake in compelling Moving Defendants to cease what amounts to lawful and proper billing practices on behalf of the putative class. *Bashkin v. Keisler*, No. 06 C 2518, 2008 WL 4866352, at *2 (N.D. Ill. June 13, 2008) (citing *Banks v. Nat'l Collegiate Athletic Ass'n*, 977 F.2d 1081, 1086 (7th Cir. 1992). Thus, their class-based claims for injunctive relief are moot.

Assuming, *arguendo*, that Plaintiffs' request for injunctive relief is not moot, Plaintiffs still lack standing to seek prospective injunctive relief as they have failed to meet the necessary preconditions for asserting such a claim in a federal forum. *Los Angeles v. Lyons*, 461 U.S. 95 (1983) (in order to have standing to seek injunctive relief, a likelihood of substantial and immediate irreparable injury must be established, along with the inadequacy of remedies at law). Plaintiffs have failed to set forth any reasonable likelihood of irreparable injury.[21] In fact, the nature of the threatened injury to which Plaintiffs are allegedly subjected is conjectural, at best, and falls far short of establishing a real and immediate threat that Plaintiffs, themselves, would be subject to the same events in the future.[22] Furthermore, if Plaintiffs ever do incur allegedly unauthorized charges in the future, there are available legal remedies at their disposal.

Plaintiffs have clearly not provided a sound basis for equitable relief in the first instance and have failed to demonstrate a case or controversy with Moving Defendants that would justify the equitable relief sought. Thus, Plaintiffs lack standing based upon the Tenders and upon the speculative nature of their claims that they will again be subject to the same events in the future.

The prerequisites of equitable relief have not been fulfilled. For the reasons stated above, this Court should dismiss Plaintiffs' restitution-based claims and prayers for declaratory and injunctive relief.

---

[21] The Seventh Circuit briefly addressed standing to seek injunctive relief in *Gates III*. The appellate court stated that plaintiffs lacked standing to seek injunctive relief for past losses "beyond the equitable remedy of restitution" because they did not adequately contend that they, themselves, were like to suffer the same type of harm again. *Gates v. Towery*, 430 F.3d 429, 432 (7th Cir. 2005). In order to satisfy the jurisdictional prerequisite of standing to bring a claim for injunctive or declaratory relief, a plaintiff must show a "real likelihood" or an "immediate threat" that he/she will again be subjected to the same wrongful conduct. *See also Knox v. McGinnis*, 998 F.2d 1405, 1413-14 (7th Cir. 1993).

[22] There is no immediate threat whatsoever that Plaintiffs will be subject to the same events in the future. Any "harm" incurred by Plaintiffs was self-imposed when Plaintiffs willfully consented to receive and be billed for Moving Defendants' premium telephone content products and services. Nevertheless, Moving Defendants have taken preemptive measures to insure that Plaintiffs are no longer eligible to receive their products or services. Plaintiffs' billing telephone numbers have been placed on a permanent suppression list that precludes them from, once again, affirmatively registering to receive and be billed for Moving Defendants' products and services. In fact, the only way Plaintiffs could now register to receive the aforementioned products and services would be to intentionally circumvent the aforementioned suppression list by willfully registering via new billing telephone numbers.

875858.2

### C. Moving Defendants Have Offered All The Damages Allegedly Due Plaintiffs Pursuant To Their Claims of Tortious Interference With Contract.

Plaintiffs argue that the Tenders are insufficient to moot their claims for Tortious Interference with a Contract (Count II). However, Plaintiffs' position is resoundingly contradicted by relevant legal precedent.

Once a defendant offers to satisfy a plaintiff's entire demand, there is no dispute over which to litigate. *Barbara Z. v. Obradovich*, 937 F.Supp. 710, 717 (N.D. Ill. 1996). For an award of actual damages, a plaintiff must show a real loss or injury caused by the defendant. *Thomas v. Law Firm of Simpson & Cybak*, No. 00 C 8211, 2006 WL 2037329, at *3 (N.D. Ill. Jul. 17, 2006). Actual damages are traditionally defined as an amount awarded to a complainant to compensate for a proven injury or loss. *Id.* Damages for tortious interference with a contract are the same damages for breach of that contract - to place the injured party in the same economic position it would have been in had the contract not been breached. *Jamsports and Entertainment, LLC v. Paradama Productions, Inc., et al.*, 382 F.Supp.2d 1056, 1067 (N.D. Ill., 2005).

Despite their protestations to the contrary, Plaintiffs have not articulated or demonstrated any actual damages, and this Court must dismiss Count II of the Amended Complaint as moot based upon the Tenders.[23] As set forth above, the overly generous Tenders offered to reimburse Plaintiffs for more than the full amount of actual damages that Plaintiffs' have alleged. Moving Defendants cannot be made to pay actual damages (in excess of the Tenders), absent proof of such damages. Based upon the foregoing, Count II of the Amended Complaint should be dismissed as moot.

---

[23] Plaintiffs allege that Moving Defendants "intended to and did induce a breach or disruption" of the "contractual relationships" with their telephone carriers. However, nowhere do Plaintiffs explain how Moving Defendants alleged conduct amounted to interference with their respective carrier contracts, what provisions of the carrier contracts were breached, how they were breached, or when any alleged breaches occurred. Simply stated, no breach has occurred because Plaintiffs continue to be provided telephone services from their respective carriers.

875858.2

### D. Plaintiffs Have Not Established The Requirements Necessary For A Court To Invoke The Exception To The Mootness Doctrine.

Plaintiffs' argument that the mooting of their personal claims does not bar them from continuing to represent the putative class, because their claims are "capable of repetition, yet evading review," also fails.[24] The "capable of repetition" doctrine is limited only to *exceptional situations* in which two factors are present. First, the challenged action must be too short in duration to be fully litigated prior to its cessation. Second, there must be a "reasonable expectation" that the *same plaintiff* will again be subjected to the *same action*. *Campbell v. Miller*, 373 F.3d 834, 836 (7th Cir. 2004); *Young v. Lehigh Corporation*, No. 80 C 4376, 1989 WL 117960, at *6 (N.D. Ill. 1989) (emphasis added).

With regard to the first prong, exceptions to the mootness doctrine are limited in scope to those "exceptional class actions" in which the claim is "intrinsically fleeting." *Young*, 1989 WL 117960, at *7. Plaintiffs argue that their claims are ephemeral in nature because Moving Defendants attempt to "pick-off" plaintiffs by making "pre-suit refunds" or "tender offers." However, Plaintiffs' position is unavailing, given the fact that the Plaintiffs themselves have alleged that "making refunds to consumers is actually an integral part of the Moving Defendants' business."[25] (Plaintiffs' Motion for Class Certification, Dkt. No. 69, p. 5)

Additionally, the chronology of events belies the notion that Plaintiffs' claims are so

---

[24] Plaintiffs cite several cases, all of which are easily distinguished. Specifically, Plaintiffs cite *Kazarov v. Achim*, No. 02 C 5097, 2003 WL 22956006, at *3 (N.D. Ill. 2003), *Sosna v. Iowa*, 419 U.S. 393, 402 (1975), and *United States Parole Commission v. Geraghty*, 445 U.S. 338 (1980). First, all three opinions considered situations where state officials would have continued to enforce a challenged statute. Second, although in *Sosna* the mootness of a plaintiff's personal claim did not prevent him from serving as the representative of a class, *the class was certified before the representative's case became moot*. Lastly, *Geraghty* was specifically limited to whether an appeal of the denial of a class action motion is moot if the appeal is pending when a substantive claim evaporates.

[25] Indeed, as set forth in the unconditional tender letters dated November 9, 2009, the courtesy refunds were made consistent with Moving Defendants' ordinary and usual business practices and as a gesture of good faith to reimburse Plaintiffs for the allegedly unauthorized charges.

875858.2

inherently fleeting that they could not have moved for class certification prior to the Tenders.[26] Plaintiffs were obviously aware that an unconditional tender could moot their claims. Nonetheless, Plaintiffs waited seventeen (17) months from the filing of the Complaint to move for certification of a class.[27] Therefore, Plaintiffs have failed to establish that their claims are so inherently transitory that invocation of the limited exception to the mootness doctrine is justified.

With regard to the second prong, Plaintiffs have failed to objectively set forth how they, themselves, would or could again be subjected to the same events. *Davis v. Ball Memorial Hosp. Ass'n, Inc.*, 753 F.2d 1410, 1416-17 (7th Cir. 1985) (the "capable of repetition" exception to mootness applies where the same complaining party will be subjected to the same action again). The Opposition sets forth the existence of a mere theoretical possibility of someone being subjected to the conduct alleged by Plaintiffs, at some undetermined point in time in the future, perhaps "even these Plaintiffs." (Opp. Br. at 3.) Plaintiffs' ambiguous allegation that Moving Defendants may be "free to return to their old ways" is irrelevant and unpersuasive.[28] At a minimum, there must be a "reasonable expectation" that the same controversy will recur, *involving the same parties.*

Plaintiffs have failed to satisfy the second prong of the exception to the mootness doctrine for several reasons. The charges allegedly incurred by Plaintiffs were self-inflicted

---

[26] This suit was initiated on August 28, 2008. Moving Defendants did not make the Tenders to Plaintiffs until November 9, 2009. Plaintiffs did not file their Motion for Class Certification until January 4, 2010, after approximately seventeen (17) months had passed since the commencement of this litigation.

[27] The majority of situations to which the Supreme Court has applied the "repetition yet evading review" analysis have involved periods of one year or less. *Valentino v. Howlett*, 528 F.2d 975, 980 (7th Cir. 1976).

[28] Plaintiffs citation to *Friends of the Earth, Inc. v. Laidlaw Env. Svcs., Inc.*, 528 U.S. 167, 189 (2000) is misplaced. *Laidlaw* considered the distinction between a pure question of standing (i.e., one in which a plaintiff never had standing) and mootness (i.e., one in which a plaintiff had standing, but whose claims are now moot). Moving Defendants do not dispute that these doctrines are analytically distinct. To the extent that *Laidlaw* considered the effects of a defendant's voluntary cessation of allegedly unlawful conduct, the distinction from the instant matter is that Plaintiffs have not, because they cannot, set forth a reasonable likelihood that they, themselves, will experience the same events in the future.

875858.2

13

when they willfully and affirmatively signed-up to receive and be billed for Moving Defendants' products and services. Plaintiffs have now been "black-listed," and their respective billing telephone numbers have been added to a permanent suppression list. The only way Plaintiffs could now register to receive the aforementioned products and services would be to intentionally circumvent the aforementioned suppression list by willfully registering via new billing telephone numbers. Not only is it an unlikely and remote contingency that Plaintiffs would, or even could, be subject to the same alleged actions in the future, in order for their claims to arise again Plaintiffs would have to engage in willful, predatory fraud against Moving Defendants.[29] *Protestant Memorial Medical Center, Inc. v. Maram*, 471 F.3d 724, 731 (7th Cir. 2006) (declined to apply the "capable of repetition" exception when the plaintiff fails to demonstrate that it necessarily will be subjected to precisely the same treatment that it received in the earlier controversy).

Finally, Plaintiffs fail to address that the unconditional tender of the full amount of a putative class plaintiff's claims *before* the filing of a motion for class certification renders the plaintiff's individual claim moot and precludes the plaintiff from proceeding as the representative of a putative class.[30] Plaintiffs respond instead with a conclusory retort, suggesting that the conduct of Moving Defendants is "inherently transitory" and that the fact that no class was certified (or that no class certification motion was pending) at the time of the

---

[29] Just because Plaintiffs' case no longer contains live issues for the Court, it hardly follows that the issues they raise will in the future evade review. There is absolutely no "reasonable expectation" that Plaintiffs will be subjected to the same alleged events again. Plaintiffs' brief on this point at best speculates that some members of the proposed class may be subjected to the challenged conduct. However, the proposed class members are not parties before this Court and their possible future actions are simply irrelevant to a determination of whether there exists a reasonable expectation that the same controversy will recur involving Plaintiffs.

[30] *See Gates v. Towery*, 456 F.Supp.2d 953, 960 (N.D. Ill. 2006); *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994); *Wiesmueller v. Kosobucki*, 513 F.3d 784, 786 (7th Cir. 2008); *Board of School Commissioners v. Jacobs*, 420 U.S. 128, 128 (1975) (per curiam); *Bertrand ex rel. Bertrand v. Maram*, 495 F.3d 452, 456 (7th Cir. 2007); *White v. Humana Health Plan, Inc.*, Case No. 06 C 5546, 2007 WL 1297130, at *6, 7 (N.D. Ill. 2007); and *Ptasinska v. United States Department of State*, Case No. 07 C 3795, 2007 WL 3241560, at *3 (N.D. Ill. 2007).

875858.2

Tenders is "of no moment." (Opp. Br. at 8.)

In support of this tenuous assertion, Plaintiffs cite *Carter v. Doyle*, 95 F.Supp.2d 851, 857-58 (N.D. Ill. 2000), asserting that timing of class certification is somehow unimportant *when the claims themselves are inherently transitory*.[31] As discussed in detail above, Plaintiffs' claims are neither inherently transitory nor fleeting. Therefore, the holding in *Carter* is irrelevant.

Plaintiffs have failed to acknowledge the vast body of law in this district that the timing of a tender offer is actually of *critical* importance - a claim that becomes moot before a motion for class certification has been filed must be dismissed. Plaintiffs' incomplete assertions simply highlight the legal insufficiency of their claims. Plaintiffs have clearly failed to satisfy their burden of establishing that the conduct of Moving Defendants is "capable of repetition, yet evading review," and thus their claims are not excepted from dismissal on grounds of mootness.

### III. CONCLUSION

For the reasons set forth above and in Moving Defendants' opening papers, Plaintiffs' claims are moot and the Amended Complaint should be dismissed for lack of subject matter jurisdiction pursuant to the mootness doctrine and Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure.

---

[31] There is no reasonable basis for Plaintiffs' reliance upon the factually dissimilar *Carter* decision, which held that because *pretrial detention* is by its nature temporary and is "distinctly capable of repetition, yet evading review," it belonged to that "narrow class of cases" in which the termination of a class representative's claim does not moot the claims of the members of the class. *Carter*, 95 F.Supp.2d at 858.

875858.2

Dated: February 9, 2010

Respectfully submitted,

**KLEIN ZELMAN ROTHERMEL LLP**

By:     <u>s/Richard B. Newman</u>
       Richard B. Newman

Sean A. Moynihan, Esq.
Richard B. Newman, Esq.*
David C. Rimas, Esq.
**KLEIN ZELMAN ROTHERMEL LLP**
485 Madison Avenue
New York, New York 10022-5803
Telephone: (212) 935-6020
Facsimile (212) 753-8101

Attorneys for Defendants,
**PREDICTOMOBILE, LLC,**
**EMAIL DISCOUNTS, LLC** and
**NEXTWEB MEDIA, LLC**

*Admitted Pro Hac Vice*

875858.2

# CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on **February 9, 2010**, he caused a true and complete copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** to be served on counsel of record electronically by virtue of the Court's CM/ECF system.

s/Richard B. Newman<br>
Richard B. Newman

875858.2